[No. 4819. Decided December 29, 1903.]

EVA EGGLESTON, *Respondent,* v. CITY OF SEATTLE, *Appellant.*[1]

NEGLIGENCE — DAMAGES — PHYSICIAN'S SERVICES — FAILURE TO PROVE AMOUNT PAID—INSTRUCTIONS. In an action for personal injuries where no specific sum is claimed as damages on account of the employment of certain physicians, who treated plaintiff for serious injuries, and no evidence was introduced as to the value of such services extending over a considerable period, an instruction that the jury are not to consider any damages of this character, "unless there is evidence in the case . . . that such damages were sustained . . . and had a reasonable value,"

[1]Reported in 74 Pac. 806.

is not erroneous as assuming that there was any such evidence, or as an instruction upon evidence not in the case.

SAME—INSTRUCTIONS—WHETHER ANY EVIDENCE IN SUPPORT OF AN ISSUE—SUBMISSION TO JURY. Where there is no evidence tending to prove an issue, the court may properly so instruct the jury, but it is not error to fail to do so, where no request therefore is made.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 28, 1903, upon the verdict of a jury rendered in favor of plaintiff for $1,000 for personal injuries sustained by reason of defects in a sidewalk. Affirmed.

*M. Gilliam* and *William Parmerlee,* for appellant. It was error to submit the question of damages on account of physician's services when there was no evidence in the case as to the value thereof. *Reed v. Chicago etc. R. Co.,* 57 Iowa 23, 10 N. W. 285; *Eckerd v. Chicago etc. R. Co.,* 70 Iowa 353, 30 N. W. 615; *Duke v. Missouri Pac. R. Co.,* 99 Mo. 347, 12 S. W. 636; *Smith v. Chicago etc. R. Co.,* 108 Mo. 243, 18 S. W. 971; *Madden v. Missouri Pac. R. Co.,* 50 Mo. App. 666; *Galveston etc. R. Co. v. Thornsberry* (Tex.), 17 S. W. 521; *Little Rock etc. R. Co. v. Barry,* 58 Ark. 198, 23 S. W. 1097; *Cousins v. Lake Shore etc. R. Co.,* 96 Mich. 386, 56 N. W. 14; *Page v. Deleware etc. Canal Co.,* 34 N. Y. App. Div. 618, 54 N. Y. Supp. 442; *Pittsburg etc. R. Co. v. Zepperlein,* 1 Ohio Cir. Ct. 36, 1 Ohio Cir. Dec. 22. The instruction would be error unless there was evidence that the charges were reasonable. *Missouri etc. R. Co. v. Reasor,* 28 Tex. Civ. App. 302, 68 S. W. 332; *Gumb v. Twenty-Third St. R. Co.,* 114 N. Y. 411, 21 N. E. 993; *Reynolds v. Niagara Falls,* 81 Hun 353, 30 N. Y. Supp. 954; *North Chicago etc. R. Co. v. Cotton,* 140 Ill. 486, 29 N. E. 899; *Golder v. Lund,* 50 Neb. 867, 70 N. W. 379; *Hewittt v. Eisenbart,* 36 Neb.

794, 55 N. W. 252; *Salida v. McKinna,* 16 Colo. 523, 27 Pac. 810.

*Wilmon Tucker* and *Ivan L. Hyland,* for respondent.

FULLERTON, C. J.—In this action the respondent sought to recover for personal injuries alleged to have been caused by a defective sidewalk of the appellant city. She laid her damages at $10,000, and was awarded $1,000 by the jury. There was substantial testimony to the effect that the sidewalk where the injury occurred was out of repair, and had been so for a considerable time prior to the happening of the accident. It appeared also that the injuries suffered by the respondent were considerable; her collar bone was broken, her left arm dislocated at the shoulder, and she suffered bruises which incapacitated her to a considerable extent.

Among the allegations of her complaint, the respondent alleged that, on account of her injuries, she was compelled to, and did, employ certain physicians and surgeons to attend on her, but claimed no specific sum as damages on account thereof. Her testimony also was to the effect that she had been treated by certain physicians and surgeons, and that their services extended over a considerable period of time, but no evidence was introduced as to the value of such services, nor as to amounts she had paid, or had become obligated to pay, on account of the same. Upon this subject the court charged the jury as follows: "There is an allegation in the complaint that, in addition to these injuries, she has suffered a damage by reason of having to employ physicians and incurring expenses of that character. You will not consider, in making up your verdict, any damages of this character, unless there is evidence in the case before you that such damages were sustained and such

expenses were incurred—were reasonably incurred, and
they had a reasonable value for which she is liable." The
court also gave the usual instruction to the effect that the
jurors were the exclusive judges of the facts, adding: "It
is not for the court to say what the testimony is, or what
weight should be given to it." The appellant assigns as
error the giving of the first instruction above quoted, and
this presents the sole question to be determined on this
appeal.

It is undoubtedly a general rule that it is error for a
trial court to submit for the determination of the jury a
matter upon which there has been no evidence adduced at
the trial, when the manner of such submission assumes that
there was such evidence, and that the jury are at liberty to
find on the particular matter without determining the ques-
tion whether there was or was not evidence in support
thereof; and a number of cases have been cited to us where
it has been held error in actions for personal injuries for
the court to submit to the determination of the jury the
amount of damages sustained by the plaintiff, by reason of
being compelled to procure medical services, when the only
evidence on the question was that the plaintiff was injured
and did engage the services of a physician to treat him
therefor.

But it seems to us that neither the general rule above
cited, nor the rule announced in these cases, is in point on
the question presented here. The learned trial judge did
not assume, in the instruction complained of, that there
was evidence from which the jury would be warranted in
finding damages to the respondent because she was com-
pelled to procure the services of physicians and surgeons;
but, on the contrary, he instructed them that they should
not find any damages of that character unless they further

found that there was evidence in the case showing that such damages were sustained, and that they had a reasonable value for which she had become liable.    In other words, the trial court, instead of determining the question itself, left it to the jury to say whether or not there was evidence before them of the reasonable value of such services, and the respondent's liability therefor.

Under the practice of this state, when there is no evidence tending to prove a particular issue, the court may properly so instruct the jury, whether requested so to do or not, and it may be that, if such request is made, it is its duty to do so in all cases.    But we cannot think it reversible error for the court to submit to the determination of the jury the question whether there was or was not evidence on a particular issue when the party interested has failed to ask to have it determined by the court.    A case of this character usually involves many minor issues, of more or less importance in themselves, perhaps, but the determination of any one of which does not affect the verdict any more than it may increase or diminish it.    To issues of this character the court's attention is but momentarily directed, and it would be too much to expect that he would remember whether or not the proofs on each particular issue were or were not so far complete as to warrant the jury in making a finding thereon.    When he is left to his own resources, therefore, he may properly state to the jury the evidence necessary to warrant a finding on the particular point, and leave it for them to say not only whether there is sufficient evidence to find thereon, but whether there is any evidence at all on the matter.

The cases where this precise question was decided seem not to be many.    Indeed, from the numerous citations made by counsel and the references which they contain, we have

found but two which can be said to squarely determine the point. In these it was held that the court might properly leave the question to the jury even though requested to charge that there was no evidence of the particular fact. In *Knox v. Fair*, 17 Ala. 503, the court said:

"When there is no evidence tending to prove a particular fact, the court may so instruct the jury, whether the evidence be oral or written. . . . But I know of no case that holds it to be erroneous, should the judge decline so to charge, when the testimony is all given orally from the stand, and the facts deposed to, numerous and minute. Indeed such a practice would lead to the necessity of taking down all the evidence in writing, that the court might clearly see whether there was any proof tending to prove the particular fact. It is certainly the duty of the prescribing judge to pay particular attention to every part of the testimony, that he may be enabled correctly to instruct the jury on the questions of law involved, but when many witnesses are examined, and the facts detailed by them numerous, we would not hold that the court erred, should he charge the jury hypothetically, and refuse to charge that there was no testimony tending to prove a particular fact."

For the other case, see *Lancaster County Bank v. Albright,* 21 Pa. St. 228.

The judgment is affirmed.

MOUNT, HADLEY, DUNBAR, and ANDERS, JJ., concur.