[No. 18012.   Department Two.   July 12, 1923.]

MURIEL BUDDE, *Respondent*, v. G. R. WAHLQUIST *et al.,*
*Appellants.*[1]

APPEAL (129) — PRESERVATION OF GROUNDS — INSTRUCTIONS — RE-
QUESTS.  Prejudicial error cannot be assigned upon an instruction
stating the claims made in the complaint, including one for impaired
hearing upon which there was little if any evidence, in the absence
of a request to withdraw that issue from the jury.

TRIAL (66)—INSTRUCTIONS—COMMENT ON FACTS.  An instruction
stating what the plaintiff alleges is not objectionable comment on
the evidence as tending to show the court's view of what was proven.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered February 24, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
by a pedestrian struck by an automobile.   Affirmed.

*Ogden & Clarke* and *Allen & Griffith,* for appellants.

*G. F. Vanderveer,* for respondent.

PARKER, J.—The plaintiff, Miss Budde, commenced
this action in the superior court for King county, seek-
ing recovery of damages for personal injuries claimed
to have been suffered by her as the result of the negli-
gent driving of an automobile for, and belonging to,
the defendants, Wahlquist and wife.   A trial upon
the merits resulted in a verdict of a jury and a judg-
ment rendered thereon awarding to the plaintiff re-
covery in the sum of $3,000, from which the defendants
have appealed to this court.

The trial court gave to the jury the following in-
struction:

"The plaintiff alleges that as a result of the defend-
ants' alleged negligence, their automobile ran into
collision with her, threw her violently to the pavement,

[1]Reported in 216 Pac. 849.

severely bruised her left leg and inflicted a severe contusion upon the back of her head, resulting in a concussion of the brain, a hemorrhage of the left middle-ear and a closing of the skull-sutures at the base of the skull. And as a result of these injuries she alleges that she was unconscious for half an hour; that she vomited intermittently for ten days; that for nearly a month she suffered acute pain in her left leg; that her hearing has been seriously impaired; and that as a result of the injury to her head and her brain tissues, she has suffered, and will continue for a long time to suffer, intense headaches, and that her nervous system has been permanently impaired.

"All these matters are denied by the defendants, and this denial imposes upon the plaintiff the burden of proving them by a fair preponderance of the evidence. I now instruct you, however, that it is not necessary, in order that the plaintiff may recover a verdict, that she should prove all of the injuries complained of. If she proves any of them, so far as this branch of the case is concerned, she is entitled to a verdict in such amount as will compensate her for the injuries proved."

It is contended that the words "that her hearing has been seriously impaired" were erroneously included in the instruction, to the prejudice of appellants, because, while it was so alleged in the complaint and denied in the answer, there was no evidence supporting such allegation. We can hardly agree that there was an entire want of evidence supporting a claim that her hearing was in some measure impaired by the injury, though we concede that the evidence touching that question tended to show but very slight injury of that nature. However that may be, the issues tendered by the pleadings included that claimed resulting injury among others. Counsel for appellants did not ask to have that issue withdrawn from the consideration of the jury. We think, therefore, there was in no event any error committed by the court in the giving of the

instruction, now available to appellants. Our decisions in *Eggleston v. Seattle,* 33 Wash. 671, 74 Pac. 806, and *Ziomko v. Puget Sound Elec. R.,* 112 Wash. 426, 192 Pac. 1009, it seems to us, fully answer this contention made by appellants' counsel.

In reaching the conclusion above announced, we have assumed that the instruction amounted to nothing more than a statement of the issues as presented by the pleadings. Counsel for appellants argue, however, that the instruction had the effect of the court informing the jury that there was evidence warranting the awarding to respondent of compensation for the impairment of her hearing. It is to be noted that the introductory words of the instruction are: "The plaintiff alleges", which words, it seems to us, plainly have reference to all that follows. This, we think, is not the giving of the court's view of what the evidence showed or tended to show, especially when viewed in the light of the concluding language of the instruction. We have not failed to notice, as counsel for appellants have pointed out to us, that this instruction is, in so far as it states the issues, largely a repetition of one given by the court at the commencement of its instructions, but that, we think, does not call for viewing it as comment on the facts prejudicial to appellants, as their counsel seem to argue.

It is further contended in behalf of appellants that the award of the verdict is excessive in amount, to the extent that it evidences prejudice and passion on the part of the jury. A careful review of the record, we think it sufficient to say, fully convinces us that we would not be warranted in so deciding.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.