[No. 19022.    En Banc.    August 29, 1925.]

PETER ANIONETANI, *by his Guardian ad Litem Vincent Anionetani, Respondent,* v. THOMAS GREEN, *Appellant.*[1]

TRIAL (97)—INSTRUCTIONS—MATTERS NOT SUSTAINED BY EVIDENCE. In a personal injury case, where there was no claim made or evidence offered as to permanent injuries, or anything likely to lead the jury to award recovery for permanent injuries, it is not error to refuse to instruct the jury that it could not award damages therefor.

Appeal from a judgment of the superior court for King county, Hall, J., entered July 2, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor struck by an automobile. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellant.
*George Olson* and *H. E. Foster,* for respondent.

ON REHEARING.

PARKER, J.—The plaintiff, Peter Anionetani, seeks recovery of alleged damages for personal injuries suffered by him as a result of the negligent driving of defendant's automobile at the intersection of East Madison street and 28th avenue north, in Seattle. A trial in the superior court for King county sitting with a jury resulted in a verdict awarding to plaintiff recovery in the sum of $2,000. In disposing of the defendant's motion for a new trial, the trial court ruled that the

[1]Reported in 238 Pac. 633.

motion be denied upon condition that the plaintiff remit $500 from the award of the jury. This being done by the plaintiff, the trial court entered its judgment awarding him recovery in the sum of $1,500, from which the defendant has appealed to this court.

This appeal was before Department Two of this court and disposed of by a decision affirming the judgment. Such disposition of the appeal was because of want of exceptions being certified here which had been timely taken and made of record in the trial court, rendering the Department unable to consider the question presented by appellant's counsel. 133 Wash. 399, 233 Pac. 1117. Upon petition for a rehearing filed by counsel for appellant a rehearing was granted; and for reasons deemed sufficient, counsel for appellant have been permitted to cause the clerk of the trial court to certify to us by supplemental transcript the exceptions so taken, to the end that they may be here considered upon rehearing.

The only allegations of the amended complaint touching the nature and extent of respondent's injuries suffered as the result of the negligent driving of appellant's automobile are as follows:

"That the infant plaintiff was injured in and upon his body in numerous places and received a fracture of his right leg, and which injuries are of such serious and permanent nature that the infant plaintiff suffered great pain and agony and is still suffering great pain and agony, and ever since said injuries the infant plaintiff has been confined in a hospital by reason of the same. Plaintiff further says that by reason of the injuries herein sustained, as herein set out, the infant plaintiff has been damaged in the sum of Five Thousand ($5,000) Dollars."

The trial occurred about a year after respondent was injured, and about six months after the filing of the amended complaint. Counsel for appellant insist that

there is no evidence tending to show the injuries as being permanent in their effect and that the evidence affirmatively shows to the contrary. We shall assume for argument's sake that such is the condition of the evidence. Counsel for appellant timely requested the trial judge to instruct the jury as follows:

"I instruct you that you cannot consider nor award to plaintiff damages . . . on account of permanent injuries, but you must confine such damages in case you find for the plaintiff, to such an amount as will fairly compensate the minor plaintiff for such pain and suffering if any as he endured from the time of his injury to the time of his recovery."

The trial court refused to give this requested instruction, but gave an instruction as follows:

"In determining the amount of your verdict you should take into consideration the extent of the injuries that the plaintiff received, the pain and suffering he has undergone because of such injuries, and if your verdict is for plaintiff, in no event can it be larger than the amount prayed for in plaintiff's complaint."

It is contended in behalf of the appellant that the trial court erred to his prejudice in refusing to give the requested instruction above quoted and thus expressly exclude from the jury's consideration the awarding of any compensation on account of permanent injuries suffered by respondent. The argument is, in substance, that the above quoted language of the complaint is in effect a claim of damages as for permanent injuries as well as for present injuries, and that, therefore, because of want of proof of permanent injuries, the jury should have been instructed as requested and the question of award for permanent injuries thereby expressly withdrawn from the jury's consideration. We do not read the above quoted allegations of the complaint as making claim for, or tendering an issue upon the question of,

respondent having suffered permanent injuries. The allegation is only that respondent's injuries "are of such serious and permanent nature" that he "suffered great pain and agony and is still suffering great pain and agony," meaning, of course, that he was so suffering at the time of the filing of the amended complaint.

In our decisions in *Eggleston v. Seattle*, 33 Wash. 671, 74 Pac. 806; *Ziomko v. Puget Sound Elec. R.*, 112 Wash. 426, 192 Pac. 1009; and *Budde v. Wahlquist*, 125 Wash. 500, 216 Pac. 849, we have recognized that, as a general rule, when there is no evidence tending to support a specific item going to make up the demand of a plaintiff, the court may properly instruct the jury that no award can be made as to such item, though no request be made for such instruction; and where a request therefor is made, it is probably the duty of the court to so instruct. But it seems to us that by no fair interpretation of the allegations of this complaint touching the nature and extent of respondent's injuries can it be said that there was thereby any claim made by respondent against appellant on account of permanent injuries. We do not think that either the language of the complaint or anything that occurred upon the trial was at all likely to lead the jury to believe that they might award an amount of recovery on account of permanent injuries and that therefore it is not necessary for the trial court to expressly tell the jury not to do so. It is not necessary to instruct the jury on some possible issue not actually in the case when nothing occurs to suggest to the jury that it is in the case.

The judgment is affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, MAIN, and ASKREN, JJ., concur.

BRIDGES, J., concurs in the result.