[No. 20259.   Department Two.   April 21, 1927.]

# ED. E. MARSHALL et al., Appellants, v. WHATCOM COUNTY, Respondent.[1]

[1] EMINENT DOMAIN (64) — COUNTIES (88) — TAKING OR INJURING PROPERTY—CLAIMS AGAINST COUNTY—NATURE OF CLAIMS TO BE PRESENTED. Where a county, in making an improvement, removes lateral support, causing slides, there is such a taking or damaging of private property without first making compensation, in violation of Const., Art. .1, § 16, as to give rise to an action therefor, without the necessity of filing any claim against the county.

[2] LIMITATION OF ACTIONS (19-1)—TAKING OR INJURING PROPERTY FOR PUBLIC USE. Where a county, in making an improvement, removes lateral support, causing slides, without first making compensation, in violation of Const., Art. 1, § 16, the right of action does not rest in tort, but is governed by the three-year statute of limitations.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered July 9, 1926, dismissing an action for damages, upon sustaining a demurrer to the complaint. Reversed.

Frank W. Bixby and T. G. Newman, for appellants: Edwin Gruber and E. D. Kenyon, for respondent.

TOLMAN, J.—This case presents, among other things, the question considered and decided in Wong Kee Jun v. Seattle, ante p. 479, 255 Pac. 645. The complaint contains four causes of action, all based upon the removal of lateral support in improving and maintaining a public highway, causing slides of earth and rock over and upon the plaintiffs' agricultural land, obstructing their drainage system, lessening or destroying the productivity of the land, and the removal and casting of the

[1]Reported in 255 Pac. 654.

debris from the highway upon the plaintiffs' land, with like effect. The slides occurred on and subsequent to December 27, 1922, and the action was commenced, without the previous filing of any claim, on December 24, 1925, or lacking but a few days of three years after the first invasion. There was here no antecedent condemnation.

[1] The holding in the *Wong Kee Jun* case is decisive upon the question of the filing of a claim, and there remains for discussion only the question of whether the two-year or the three-year statute of limitations applies.

[2] Those cases which apply the two-year statute are *Island Lime Co. v. Seattle,* 122 Wash. 632, 211 Pac. 285, and the cases there cited, which are based upon the tort theory, and since we held in the *Wong Kee Jun* case that the tort theory cannot be applied in any case where the right invaded is protected by the constitution, it follows logically that the three-year statute is the only one applicable. It was so held in *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662, L. R. A. 1918E 131, and we think that logically there is no escape from the conclusion that the two-year statute of limitations cannot be applied where the taking is by reason of the sovereign power, as held in the *Wong Kee Jun* case.

The judgment appealed from is reversed, with directions to the trial court to overrule the demurrers.

MACKINTOSH, C. J., ASKREN, and PARKER, JJ., concur.