[No. 20520. Department One. July 13, 1927.]

NETHERLANDS AMERICAN MORTGAGE BANK, *Respondent,*
v. THE CITY OF CENTRALIA, *Appellant.*[1]

[1] EMINENT DOMAIN (64)—MUNICIPAL CORPORATIONS (565)—
TAKING OR INJURING PROPERTY—ALTERATIONS OF GRADE OF STREET
—CLAIM AGAINST CITY—NATURE OF CLAIMS TO BE PRESENTED.
Where a city, in making an improvement, removes lateral sup-
port, causing slides, whether acting voluntarily or involuntarily,
there is such a taking or damaging of private property without
first making compensation, in violation of Const., Art. 1, § 16,
as to give rise to an action therefor, without the necessity of
filing any claim against the city under the state statute or the
ordinances of the city.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered December 6, 1926,
upon findings in favor of the plaintiff, in an action
for damages, tried to the court. Affirmed.

*Delos Spaulding,* for appellant.

*Wright, Froude, Allen & Hilen,* for respondent.

MAIN, J.—This action was brought to recover dam-
ages to real estate. The cause was tried to the court
without a jury and resulted in findings of fact and con-
clusions of law sustaining a recovery in the sum of
two hundred dollars. From the judgment entered for
this sum, the defendant appeals.

[1] The respondent owns a farm in Lewis county.
The appellant city acquired a right of way across this
farm upon which to construct a pipe line, which is a
part of its gravity water system. In making a fill of
a depression or gully on the right of way, the appel-
lant, as found by the trial court, caused

"... great quantities of clay and soft soil de-
posit to run off from their fill onto the lands of the
plaintiff and into its drainage system."

[1]Reported in 257 Pac. 842.

After the damage had occurred, the respondent presented a claim to the appellant which was rejected, and the present action was thereafter brought. Upon the trial, the appellant objected to the claim on the ground that it did not describe the location of the fill and the damage resulting therefrom with sufficient definiteness, and this presents the principal point urged upon the appeal. A discussion of the question is unnecessary because under the recent cases of *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, and *Marshall v. Whatcom County,* 143 Wash. 506, 255 Pac. 654, the respondent was not required to file a claim as a condition precedent to its right to maintain the action.

There are other assignments of error, but these present principally questions of fact.

The findings of the trial court are sustained by the evidence and support the judgment, which will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.