[No. 20647.   Department One.   September 1, 1927.]

Roy B. Southworth *et al.*, *Respondents*, v. The City of Seattle, *Appellant*.[1]

[1] Eminent Domain (64)— Municipal Corporations (565) — Taking or Injuring Property—Claims Against City.   Where a city, in making an improvement, injures property by the construction and maintenance of a nuisance, there is such a taking or damaging of private property without first making compensation, in violation of Const., Art. 1, § 16, as to give rise to an action therefor, without the necessity of filing any claim against the city under the state statute or the ordinances of the city.

[2] Nuisance (1, 9)—Private Nuisance—Sewage Plant—Damages. The construction and maintenance by a city of a sewage disposal plant damaging residence property will be enjoined as a nuisance, and cannot be defended as *damnum absque injuria* in lawful and necessary governmental work on the city's own premises.

[3] Municipal Corporations (400, 470) — Public Improvements — Damages—Instruction as to Measure.   In an action for damages to residence property by the city's construction and maintenance of sewage disposal plant constituting a nuisance, proper instructions defining a nuisance, and the measure of damages from depreciation in market values, are not objectionable as submitting the case on a double theory of liability, also, for taking property without compensation, where the jury were told at the outset that it was not an action for wrongful or negligent acts of the city.

Appeal from a judgment of the superior court for King county, Paul, J., entered June 29, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort.   Affirmed.

*Thomas J. L. Kennedy* and *J. Ambler Newton*, for appellant.

*Edwin C. Ewing*, for respondents.

Per Curiam.—This is an action by Roy B. Southworth and his wife against the city of Seattle, to re-

[1]Reported in 259 Pac. 26.

cover for damages to their residence property by reason of the construction and operation, immediately near their property, of a sewage disposal plant. There was a verdict for the plaintiffs in the sum of $3,250, more than one-third of the value of the property without the nuisance, and from a judgment on the verdict, the city has appealed.

As stated by appellant in its opening brief,

"The action is laid under § 16, art. 1 of the constitution, for the damaging of respondents' property. by the construction and maintenance of a sewage disposal plant."

There is no controversy here as to the amount of the verdict nor that the property was damaged as charged. At least, there was abundant evidence to support both findings.

[1] The first argument on behalf of appellant is that there was no allegation or proof of filing a claim for damages with the city as a prerequisite to maintaining the action. The city itself requested, and the court instructed the jury that the action was brought under § 16, art. 1 of the state constitution. In such cases, the filing of a claim before suit, or at all, is not necessary. *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645.

[2] The second contention on behalf of the appellant is that, as the city was engaged in a lawful and necessary governmental work on its. own premises, the claim of the respondent is *damnum absque injuria.* Our decisions and others are to the contrary. *Jacobs v. Seattle,* 93 Wash. 171, 160 Pac. 299, L. R. A. 1917B 329; *Jacobs v. Seattle,* 100 Wash. 524, 171 Pac. 662, L. R. A. 1918E 131; *Everett v. Paschall,* 61 Wash. 47, 111 Pac. 879, Ann. Cas. 1912B 1128, 31 L. R. A. (N. S.) 827; *Goodrich v. Starrett,* 108 Wash. 437, 184 Pac.

220; *Ferry v. Seattle*, 116 Wash. 648, 200 Pac. 336, 203 Pac. 40.

Third, the giving of certain instructions and the refusal to give certain ones requested by the appellant are assigned as errors. We have examined them and are satisfied that, with one exception to be mentioned presently, what has already been said herein disposes of these assignments. The trial court's theory of the law, as expressed in the instructions, was right while appellant's contentions in the instructions requested and refused were wrong.

[3] The one exception, above referred to, relates to a statutory definition of a nuisance, and the argument is that thereby the case was given to the jury on a double theory, the one of nuisance and the other on the constitution. We do not so understand the situation. Only one cause of action was stated in the complaint. The very first statement made by the court in instructing the jury was that this is not a suit for the recovery of damages by reason of wrongful or negligent acts on the part of the defendant; and still further on the jury was plainly told that any verdict for the plaintiffs must be on account of the depreciation in the market value of the property and that

" . . . the depreciation and value is the difference between the fair market value of the plaintiffs' property immediately before the construction and operation of the sewage disposal plant here involved and the fair cash market value of the property at the time of this trial."

The instruction complained of, to say the least, could in no way harm the city, but of course what was meant and said was that, in determining the question of whether or not respondents' property had been damaged within the purview of the constitutional provision, they could take into consideration those things

clearly defined by the statute which, under all authorities, constitute damage. The rule is expressed in *Hines v. Rocky Mount,* 162 N. C. 409, 78 S. E. 510, Ann. Cas. 1915A 132, L. R. A. 1915C 751. In speaking of that case in *Jacobs v. Seattle,* 93 Wash. 171, 160 Pac. 299, L. R. A. 1917B 329, it was said that the supreme court of North Carolina, after conceding the rule of nonliability of municipalities for negligence in the performance of governmental duties, said:

" 'This general principle is subject to the limitation that neither a municipal corporation nor other governmental agency is allowed to establish and maintain a nuisance, causing appreciable damage to the property of a private owner, without being liable for it. To the extent of the damage done to such property, it is regarded and dealt with as a taking or appropriation of the property, and it is well understood that such an interference with the rights of ownership may not be made or authorized except on compensation first made pursuant to the law of the land.' "

Other cases to the same effect are referred to in the *Jacobs* case.

We have no doubt the jury so understood the instruction upon this point.

This disposes of all the assignments argued in the brief of the appellant.

Affirmed.