[No. 22021. Department Two. November 19, 1929.]

IDA J. WILCOX, *as Guardian, et al., Appellants,* v.
R. L. HUBBARD *et al., Respondents.*[1]

*Wesley Lloyd,* for appellants.
*F. A. Latcham,* for respondents.

MAIN, J.—By this action, the plaintiffs sought to re-
cover the value of their interest in an automobile al-
leged to have been converted by the defendants. To
the complaint, the defendants answered by certain
admissions and denials and, by way of cross-complaint,
sought judgment upon a promissory note executed by
the plaintiffs. The cause was tried to the court and

[1]Reported in 282 Pac. 218.

a jury, and resulted in a verdict against the plaintiffs upon their complaint and in favor of the defendants upon their cross-complaint. Motion for judgment notwithstanding the verdict and, in the alternative, for a new trial being made and overruled, judgment was entered in favor of the defendants in the sum of $346, from which the plaintiffs appeal.

The facts necessary to be stated are these: October 13, 1927, Esther Wilcox, then seventeen years of age, and her sister, Mrs. Ruth Parchen, purchased from the respondents an Oakland automobile upon conditional sale contract. According to the terms of the contract, $450 was paid at the time of the purchase and the balance, $988.60, was to be paid at the rate of $40 per month on the thirteenth day of each month until the twelfth payment, which payment was to be $549.16.

After the contract was signed, the automobile was delivered into the possession of Miss Wilcox and Mrs. Parchen. The contract was, by the respondents, transferred to the American Mortgage Company. While the contract recites a cash payment of $450, only $200 was actually paid in cash and a note given by the purchasers for the other $250, which, by its terms, was due six months after date and drew interest at eight per cent per annum. The monthly payments on the car were, to some extent at least, made out of money sent by the brothers of the appellants from Montana to their mother, Mrs. Ida J. Wilcox, who in turn would make the payments. After the note became due and no payments had been made upon it, the respondents desired that security be given therefor or that the contract be refinanced and the amount of the note included therein. On the morning of August 14, 1928, at which time no payments were due and unpaid upon the contract, Miss Wilcox and her mother

went to the respondents' place of business in the city of Tacoma, apparently for the purpose of discussing some matter pertaining to the note. After talking with A. M. Keffler, one of the partners doing business under the name of Hubbard and Keffler, they, with him, went to the office of the American Mortgage Company.

The evidence as to what was said and done after they got there is in dispute. After leaving the office of the mortgage company, the car, as Keffler testified, was voluntarily turned over to him by Miss Wilcox and her mother because they said they could not pay the note and that they were through with the whole transaction. This evidence is disputed by Mrs. Wilcox and her daughter. Keffler drove the car to the place of business of the respondents, and Mrs. Wilcox and her daughter consulted an attorney. Later in the day, they went with the attorney to the place of business of the respondents and again the evidence is in dispute as to what took place there. According to the evidence of Keffler, they discussed the matter of drawing a new contract, including the amount of the note, and this was satisfactory to the attorney and to Mrs. Wilcox and her daughter. After the conversation had reached this point, Mrs. Wilcox wanted delivered to her by the respondents at that time a contract which she had signed. This Keffler declined to do until the new contract for refinancing the car had been drawn and signed.

A talk then took place between Keffler and the attorney, which may have been animated to some extent, and the attorney, according to Keffler, stated: "If that is the way you are going to act about it, we will take the car right now," to which Keffler replied to the effect that they would have to get the sheriff to take the car. On the evening of the same day, the car was tendered back to Miss Wilcox and refused. Later

and prior to the time the action was instituted, it was tendered to Mrs. Parchen and refused. Mrs. Parchen had no part in the conversation which led up to the surrender or taking possession of the car by the respondents, or in the conversation which took place when the appellants claimed to have demanded a return of the car. After this action was instituted, the American Mortgage Company forfeited the conditional sale contract above mentioned, because of default in the monthly payments.

The appellants' first assignment of error is with reference to the admission of certain evidence. Keffler, over objection, testified to having made demand for the payment of the note a number of times, and having asked for security, and also having requested that the amount of the note be included in a new contract. According to the appellants' theory of the case, this testimony would be immaterial; but, according to the respondents' theory that the car was turned over to them voluntarily because the purchasers could no longer make payments upon it, it cannot be said to be entirely immaterial. There is also some objection to the testimony that Miss Wilcox said that her sister, Mrs. Parchen, had washed her hands of the transaction and would have nothing further to do with it. This testimony, even if it should be conceded should not have been received, is not of such moment as to justify a reversal of the judgment. It had some bearing upon the nature of the transaction when the car was surrendered to or taken possession of by the respondents. As already stated, the evidence upon this question was sharply in conflict. If the automobile was voluntarily turned over, as the jury had a right to find, then the respondents were not wrongfully in possession of it. There was no error in receiving the evidence complained of.

 It is next contended that the court should have granted appellants' motion for judgment notwithstanding the verdict. In this connection, it is claimed that Keffler's statement, that they would have to get the sheriff to take the car, furnished a basis for the action of conversion. This statement must be taken in connection with the other attendant facts and circumstances, including the nature of the demand that was made. A demand for possession, upon which an action for conversion can be predicated, "must be clothed in absolute, unequivocal terms." 38 Cyc. 2038. If the demand in this case was in the form testified to by Keffler, as above set out, it was not sufficiently absolute and unequivocal in view of the conversation between the parties which had immediately preceded it. Other questions suggested on this branch of the case need not be discussed because if the demand was not sufficient the other matters become immaterial. The trial court rightfully denied the motion for judgment notwithstanding the verdict. The evidence was in dispute as to the nature of the demand and the question was for the jury.

 Finally, it is contended that the court erred in refusing to grant the motion for a new trial, which is based upon some remarks of the trial court at the time of the ruling upon the motion, to the effect that the court, if it had been passing upon the evidence, would have found differently than did the jury upon the question as to whether there had been a voluntary surrender of the automobile. The remarks of the trial court did not furnish a basis for the reversal of the judgment. In *Ziomko v. Puget Sound Elec. R.*, 112 Wash. 426, 192 Pac. 1009, after a full consideration of the prior holdings of this court, it was said:

"It is sufficient to say that we are now convinced that no distinction should be made in our inquiry,

whether the court does or does not express his views on the weight of the evidence, but that we should in each instance, where the motion is denied, limit our inquiry to the question whether the verdict is supported by substantial evidence."

In the present case the verdict is supported by substantial evidence.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.