[No. 21947. *En Banc.* April 11, 1930.]

JOHN EDWARD CLARK *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 287 Pac. 29.

*Wm. Martin* and *J. O. Davies,* for appellants.

*Thomas J. L. Kennedy* and *A. C. Van Soelen,* for respondent.

HOLCOMB, J.—This action was brought by appellants to recover damages alleged to have been caused by respondent to property owned by appellants situated northeast of the intersection of East Boston street and Fourteenth avenue north, in Seattle.

The complaint alleges the considerable value of the land and improvements that had been placed thereon previous to the alleged injury. It alleges that, in the months of October and November, 1926, respondent, in the exercise of its municipal functions, undertook to fill East Boston street, east of Fourteenth avenue north, and Fourteenth avenue north, north of East Boston street, and in so doing wrongfully and negligently deposited large quantities of earth and other material on those streets and upon appellants' property and also upon other private property to the east of Fourteenth avenue north; that such deposits were made upon a steep hillside; that, in making such fills and deposits of earth and other material, the city wrongfully and negligently failed to provide any means of supporting the earth and failed to provide any proper drainage, although it well knew that, on

account of the character of such earth so deposited and the seepage of the hillside to the south and above the property of appellants, it was necessary to provide ample means for supporting the fill and give adequate drainage in order to prevent the fill and deposits of earth and other material on the steep hillside from slipping, sliding and running down upon appellants' property. It is further alleged that the water mains of the city within the vicinity of the fill were leaking and in bad condition and a great deal of water from the mains leaked and seeped into the fill of earth; and that, as a consequence of the leaking and allowing the water to seep into the same, the fill slipped and slid down a steep hillside upon and against the property of appellants, and destroyed the foundation under and otherwise injured their house, to their great damage as specifically set forth.

Respondent, by its answer, after general denials, set up an affirmative defense. It alleged that appellants negligently and carelessly excavated large quantities of earth from the property described in their complaint and in the course of such excavation removed the toe of the slope of the high ground and thereby caused the same to slip and slide upon their property; that the excavation and removal of the toe of such slope by appellants was the proximate cause of the damage claimed; it is also alleged that the careless and negligent acts of appellants upon their property materially contributed to and were the proximate cause of any damage sustained by them. This affirmative defense was denied by appellants in their reply.

Upon a trial before the court and a jury, much evidence was introduced by appellants tending to support the allegations of their complaint. To controvert the same, respondent introduced evidence tending to

show, and which evidence convinced the jury—since they found in its favor—that nearly all the earth removed in excavating the street at the place complained of was deposited upon private property at the request of the owner thereof and no part of it slid. There was evidence that only a small quantity of from ninety to ninety-six yards of earth, which would weigh from $1\frac{1}{3}$ to $1\frac{1}{2}$ tons per yard, was deposited at the place where the slipping commenced. A quantity of earth had been deposited by another neighboring owner of higher land after she acquired it less than four years previously. It also introduced evidence that the water mains on the street in question were not leaking nor in bad repair, but were in good condition when they were removed in the summer of 1927. It was shown that appellants made quite a deep excavation on their land, which was in a bowl, much lower than the land in the vicinity of the street that was improved and of other property in the vicinity of the improvement, removing about 1,100 cubic yards of earth, which cut down into the blue clay stratum which sustained the overburden of soil and at the toe of the slope, where the slide occurred, thus impairing the lateral support of the higher land which was the cause, after a period of extraordinary rains, of the slide; that the slide started at the toe of the slope rather than at the top of it.

This evidence was given by an engineer of many years' experience, who had made an intensive study, in and about Seattle, of the nature of sliding soil and the cause of slides, and gave it as his opinion that the slide started because of the removal of the toe of the slope by the excavation made by appellants. His expert testimony was extremely logical and convincing. He was corroborated to some extent by another eminent civil engineer of Seattle, who had made a study

of slides for many years, and testified that the land surrounding that of appellants was of a sliding nature. The jury also visited the premises after the evidence was all in.

During the trial, appellants submitted four requested instructions in the first of which they stated the issues before the jury as shown by the complaint, answer and reply. The second request was to the effect that, if the jury found, from the preponderance of the evidence, that one or more of the acts of the defendant, as alleged in plaintiffs' complaint, caused a slide of earth upon plaintiffs' property, the defendant would be liable for all damages, if any, proximately caused to plaintiffs' property by such slide. The third request was to the effect that, if the verdict of the jury should find in favor of the plaintiff, the award should be such as to fairly compensate the plaintiff for all damages suffered, whether past, present or future. The fourth request correctly stated the measure of damages if any should be found.

The instructions requested by appellants were given in full by the court to the jury.

No instruction was requested by appellants to the effect that it was not necessary to prove negligence on the part of the city in doing the work alleged, or that plaintiffs were entitled to recover regardless of any negligence therein.

Instructions numbered 2 and 3 given by the trial court charged the jury that, before appellants could recover, it was necessary for them to prove negligence upon the part of respondent; that is, that the burden was on appellants to prove that respondent, in doing the acts alleged in the complaint, was guilty of negligence; that negligence was a necessary element in the case and must be proven by appellants before a recovery could be had by them.

It is argued that, under the law of this state, appellants are entitled to recover without regard to the care exercised by respondent in doing the things charged in the complaint; in other words, that negligence is not involved in this kind of an action.

Our cases, *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645; *Marshall v. Whatcom County,* 143 Wash. 506, 255 Pac. 654; *Hamm v. Seattle,* 143 Wash. 700, 255 Pac. 655; *Netherlands American Mortgage Bank v. Centralia,* 144 Wash. 315, 257 Pac. 842; and *Southworth v. Seattle,* 145 Wash. 138, 259 Pac. 26, are relied upon to sustain this position.

In all of those cases, it was held that a municipality would be liable for slides caused by impairing lateral support and for direct physical invasion of private property, without the necessity of filing claims for damages therefor; and that such actions were not to be considered as actions in tort, but were actions under the constitution (Art. I, § 16) for compensation for the taking or damaging of private property. There is a thorough discussion of the principles and a review of the cases in the *Wong Kee Jun* case, *supra.*

This case also may be considered as one for which no claim would be required to be filed against the city; but in so holding we do not desire to go a step further and hold that, where there is no question of the removal of lateral support or a direct physical invasion of private property in the course of public improvements, the city is necessarily liable for anything that may happen in the course thereof. To so hold would be to practically make a municipality an insurer in every slide case, regardless of the cause thereof, had the municipality carried on any improvement or repair in an adjacent or nearby street, regardless of the proximate cause of damage, and preclude the municipality from any defense thereto. Whether it be called negli-

gence, trespass, or an act of sovereignty commonly called eminent domain, there must be a direct invasion of private property, or a deliberate taking thereof, or an injury and damage directly or proximately caused by one or the other.

Under the general denials to the allegations of appellants by respondent, the court submitted the instructions on the theory of liability or non-liability of the city, using the term negligence as it was used by appellants themselves in their allegations; and, as has been noted, appellants requested no instruction upon any other theory. They merely excepted to the instructions given. Such being the case, they cannot now complain. *Lipsett v. Dettering,* 94 Wash. 629, 162 Pac. 1007; *Budde v. Wahlquist,* 125 Wash. 500, 216 Pac. 849; *McConnell v. Gordon Construction Co.,* 133 Wash. 405, 233 Pac. 926.

Instruction numbered 3 also contained clauses to the effect that the dedication of streets to public use by platting the property implies an agreement by the dedicator and his successors in title that the city may establish the first or original grade and improve the streets therein in aid of such public use, and that damages cannot be recovered by adjoining property owners for consequential damages arising from such grading; that consequential damages are such damages as arise from the reasonable exercise of the power of the city to make such grade; that the city has the right, in establishing an original grade and making an original improvement, to make such cuts or fills on the streets as is deemed advisable for the best use of such streets by the public and the adjoining property owner, and unless the same is done unreasonably or negligently there can be no recovery for resulting damages to adjoining property; that, in the original grading of the street, the city owes no duty to the abutting

326

property owner to erect a bulkhead or retaining wall to maintain the lateral support, etc.; nor is the city obliged to provide drainage for such property, nor, in the absence of negligence, is it the duty of the city to keep the property from sliding.

This instruction is complained of and, in connection therewith, an error is claimed by appellants in rejecting evidence sought to be elicited from a witness for respondent on cross-examination, that the original grading of the street occurred in 1908 and at that time an over-dump of earth was made and no retaining wall built.

The instruction given is the law as stated by this court in *Fenton v. Seattle,* 132 Wash. 194, 231 Pac. 795. The evidence sought to be elicited was irrelevant and immaterial under the issues in this case and the law as it has been announced.

Instructions numbered 6 and 7, given by the trial court, taking cognizance of the question of contributory negligence as pleaded by respondent, are assailed, appellants insisting that there can be no contributory negligence in such cases as this on the part of a property owner, citing *Hinckley v. Seattle,* 74 Wash. 101, 132 Pac. 855, Ann. Cas. 1915A 580, 46 L. R. A. (N. S.) 727; 38 Cyc. 534.

True, we held in *Hinckley v. Seattle, supra,* where it was sought to establish the proposition that the property owner was guilty of contributory negligence as a matter of law, that is, conclusively guilty of contributory negligence, where he had excavated upon his own property, which was pleaded as a defense, that it was not a good defense there. In the opinion it was stated:

"City property located upon the slope of a hill must ordinarily be put to some use, and if necessary must be cut or filled. As hereinbefore suggested, the owner

cannot be held negligent or his recovery defeated if he pursues his lawful right; . . ."

In that case we refused to hold as a matter of law that it was contributory negligence for the owner of a lot injured by a slide by reason of the public improvement of a street to excavate the lot to a street grade, which was reasonably necessary for the use of the lot. That is very different from holding that, as a matter of fact, an excavation by an owner upon his land was the proximate cause of the damage of which he complains, by cutting or impairing the toe of the slope, thus being the proximate cause of the slide complained of. Whether it be called contributory negligence, or by what name soever, it is pleaded as an affirmative defense by the city, and facts and circumstances tending to show that to be the proximate cause of the damage were presented. They were presented as matters of fact. The jury possessed them and also the evidence presented by appellants as to their contentions. They were therefore issuable facts within the pleadings in this case and properly submissible to the jury.

In the same connection, the instructions given by the trial court upon these issues were correct. Appellants do not complain of the form of the instructions, but simply that they do not have application in a case of this kind. We consider the contentions untenable.

■ Appellants assign as error the refusal of the court to allow proof of the dumping of dirt by the city ten years or more prior to the slide in question.

Their complaint specifically alleges that the dumping of dirt complained of took place in October and November, 1926. There was no issue tendered by the complaint nor by any proposed amendment as to dumping of dirt years previously. The ruling of the trial court was manifestly correct.

328

One or two other errors are assigned and briefly argued which we have examined and find unmerited.

The judgment is affirmed.

MITCHELL, C. J., PARKER, FULLERTON, TOLMAN, and FRENCH, JJ., concur.

BEALS, MAIN, and MILLARD, JJ., concur in the result.

