[No. 6343. Decided December 14, 1906.]

ERNEST L. BARRETT, *Respondent*, v. BANNER SHINGLE COMPANY, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—YOUTHFUL EMPLOYEE—FAILURE TO INSTRUCT—QUESTION FOR JURY. In an action against a master for personal injuries, the negligence of the defendant is for the jury and a nonsuit is properly denied, where an inexperienced boy sixteen years of age was injured through his misunderstanding of a signal given by a sawyer whom he was sent to assist without any instructions as to the details of the work or as to the signals to be observed.

[1]Reported in 87 Pac. 919.

SAME—CONTRIBUTORY NEGLIGENCE. The contributory negligence of an inexperienced youthful employee in stumbling over projecting beams in a narrow passage, whereby he fell and threw his hand into a saw, is for the jury, where the beams were partially covered with sawdust, and he was responding to a supposed signal by the sawyer to go through such passage, and had a right to assume that the same was safe, and no instructions were given him as to his work or the signals to be observed.

SAME—CONTRIBUTORY NEGLIGENCE—ACT CONTRARY TO CUSTOM—NOTICE. Where a servant was injured in going through. a passage at the direction of a vice principal, evidence that it was not customary to go through such passage is inadmissible, where the plaintiff had no notice of the custom.

SAME—EVIDENCE—CHANGED CONDITIONS SUBSEQUENT TO ACCIDENT—INSTRUCTIONS. Where an employee was injured through stumbling over projecting beams which were partly covered with sawdust and debris, it is not prejudicial error to receive evidence that after the accident the debris was cleared away, where the jury were instructed that they could not consider the same for the purpose of finding negligence, but. only to explain the plaintiff's evidence as to the appearance of the beams at the time of the accident.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered December 7, 1905, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor in a shingle mill. Affirmed.

*G. M. Emory*, for appellant, *inter alia*, contended that, when the employee departs from the proper scope of his employment without being directed to do so, the master is relieved from all responsibility if any injury occurs. 2 Labatt, Master and Servant, p. 1863; *Watts v. Hart*, 7 Wash. 178, 34 Pac. 423, 771; *Pittsburgh etc. R. Co. v. Adams*, 105 Ind. 151, 5 N. E. 187; *Ray v. Diamond State Steel Co.*, 2 Penn. (Del.) 525. 47 Atl. 1017; *Knox v. Pioneer Coal Co.*, 90 Tenn. 546, 18 S. W. 255; *Mellor v. Merchants Mfg. Co.*, 150 Mass. 362. 23 N. E. 100, 5 L. R. A. 792; *McGill v. Maine etc. Granite Co.*, 70 N. H. 125, 46 Atl. 684, 85 Am. St. 618. The plaintiff assumed the risk, or was guilty of contributory negligence. *Hall v. West & Slade Mill Co.*, 39 Wash. 447. 81

Pac. 915; *Hettchen v. Chipman,* 87 Md. 729, 41 Atl. 65; *Bohn Mfg. Co. v. Erickson,* 55 Fed. 943; *Evansville etc. R. Co. v. Henderson,* 134 Ind. 636, 33 N. E. 1021; *Hickey v. Taaffe,* 105 N. Y. 26, 12 N. E. 286; *Kelly v. Barber Asphalt Co.,* 93 Ky. 363, 20 S. W. 271; *Newlin's Petition,* 123 Pa. St. 541, 16 Atl. 737; *Bessey v. Newichawanick Co.,* 94 Me. 61, 46 Atl. 806; *Wagner v. Plano Mfg. Co.,* 110 Wis. 48, 85 N. W. 643; *Ogley v. Miles,* 139 N. Y. 458, 34 N. E. 1059; *Lowcock v. Franklin Paper Co.,* 169 Mass. 313, 47 N. E. 1000; *Roberts v. Porter Mfg. Co.,* 110 Ga. 474, 35 S. E. 674; *Harold v. Pfister,* 92 Wis. 417, 66 N. W. 355; *Crown v. Orr,* 140 N. Y. 450, 35 N. E. 648; *Mackin v. Alaska Refrigerator Co.,* 100 Mich. 276, 58 N. W. 999.

*Fairchild & Bruce,* and *Ballinger, Ronald, Battle & Tennant,* for respondent, cited: *Liedke v. Moran Bros. Co.,* 43 Wash. 428, 86 Pac. 646; *Pittsburgh etc. R. Co. v. Adams,* 105 Ind. 151, 5 N. E. 187; *O'Brien v. Paige Lumber Co.,* 39 Wash. 537, 82 Pac. 114; *Nelson v. Willey Steamship & Nav. Co.,* 25 Wash. 548, 67 Pac. 237; *Lund v. Hersey Lumber Co.,* 41 Fed. 202; *Nixon v. Selby Smelting & Lead Co.,* 102 Cal. 458, 36 Pac. 803.

HADLEY, J.—This is an action to recover damages for personal injuries received in a shingle mill. The plaintiff is a minor who maintains his suit through a guardian *ad litem,* and he was about sixteen years of age when the accident happened which caused his injury. He was employed to work as a shingle packer in defendant's mill. The only experience he had had in shingle packing, before entering upon this employment, was during a part of the day when he had done some packing in the same mill sometime before. He began work under this employment at seven o'clock in the morning, and was injured at ten o'clock the same day. It was a part of his duty to assist the shingle sawyer, of the machine for which he was packing, in changing the saws. He was not in-

structed before going to work as to the details of his duty in that matter, was not informed as to what signals he should observe, and was not told when his duties would cease when called to assist the sawyer. The sawyer beckoned to him to come from the packing room to the latter's assistance, and he responded. He was instructed to hold a pulley so that the saw shafting would not turn while the sawyer changed the saw. He complied with his instructions, and the sawyer changed and adjusted the saw. The sawyer gave a signal to the plaintiff, which the latter understood to mean for him to go to the sawyer who stood a few feet away at the opposite end of the framework which supported the shaft and saw. The sawyer says he intended the signal as an indication to plaintiff that his assistance at that place was no longer needed. The sawyer is not certain whether the signal given was a nod or motion of the head, or a motion of the hand, but he thinks it was the latter. Understanding the signal to mean that he should go to the sawyer, the plaintiff started to go through a passageway between the saw frame and a table upon which the shinglebolts were piled. Projecting from the saw frame on the floor, were certain beams which formed a part of the support of the frame. These beams were six by six in size, and extended out into the passageway a distance of nine inches, the passageway itself being about eighteen inches wide. The beams were, at the time at least, partially covered with shavings, sawdust and mill debris. The plaintiff had not before had occasion to go through the passageway, and did not know the beams were there. As he went through the passageway, he stumbled over the beams and, in attempting to support himself, his left hand was thrown out in such a manner that it was caught by the saw and cut off near the wrist. We think the above facts are practically conceded in this court. There is at least testimony in support of them. The cause was submitted to a jury, and a verdict was returned for the plaintiff in the sum

of $3,000.   Judgment was entered for the amount, and the defendant has appealed.

A number of assignments of error involve the same question that was presented upon the motion for nonsuit, viz., that respondent failed to produce proof tending to show that appellant was guilty of any breach of duty toward respondent.   We think it should not be said, as a matter of law, that such proof was lacking, but that it was rather for the jury to say, under the circumstances, whether appellant neglected its duty.   Here was a young, inexperienced lad, who was set to work, without instructions with reference to any duty, to assist the sawyer in changing the saws.   In the rush and hurry of the operation of the mill, he was called from his regular work to assist the sawyer.   He was not advised what signals would be used for his guidance.   The sawyer was in command of that work, and respondent was under his direction.   It is argued that the sawyer did not signal respondent to go where he did, and that he went there without any direction from appellant or its representative.   He was, however, while the saw was being changed, under the immediate direction of the sawyer as the master's representative, and it became a question for the jury to determine whether, considering his youth and inexperience and lack of instructions as to signals and as to his full duty at that place, he had a reasonable right to understand that he was called to go where he did.   The nonsuit was, therefore, properly denied, and kindred assignments of error are not well taken for the same reason.

It is argued, in support of several assignments of error, that in this case the defenses of assumption of the risk and contributory negligence are so nearly allied as to be practicably indistinguishable, and it is claimed that the conditions which resulted in respondent's injury were apparent and known to him.   It is said that he could have seen the projecting timbers over which he stumbled, if he had looked, and that he knew the location and purposes of the shingle and clipper saws, which he had seen used.   It is insisted that, in attempt-

ing to obey what he erroneously thought was an order, he walked straight ahead without looking to see whether he was apt to trip over the projecting beams. These questions were all for the jury. If the jury found, as they must have done, that respondent had reasonable ground to interpret the signal as he did, then he was placed in the position of one who was called to go through the passageway which contained dangers which the evidence shows were, at least in a measure, hidden. In such event he had a right to suppose that the way was reasonably safe and free from obstructions which would require careful examination as he went hurriedly to the discharge of his supposed duty. Respondent's counsel aptly observed in the brief that, under such circumstances, the most ordinary faith in humanity would lead the employee to believe that the master had made the way safe for his use. If, by the master's direction, respondent was in the passageway, it became its duty to make the place reasonably safe, or to warn him of the existing danger. *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114. The same duty devolved upon the master if respondent was in the passageway as the result of appellant's neglect to properly instruct him as to where his duties would call him, and as to the meaning of signals which he was expected to observe. Whether such was true, was for the jury, and not for the court, to determine.

It is assigned that the court erred in refusing to permit appellant to prove that it was the custom in the mill for the sawyer to exclude all persons from the narrow space between the bolt table and the saw frame; that the sawyer was permitted customarily to place the bolt table to suit his own convenience, and that it was neither the duty of the packer, nor was it customary for him, to come within the space between the bolt table and the saw frame. We think it was immaterial what custom prevailed in the above particulars, since the respondent was acting under the direction of the sawyer as a vice principal. It was not shown, and no offer was made

2—45 WASH.

to show, that respondent had knowledge of such a custom, and even if he had such knowledge, he was still subject to the direction of the master or its representative, and it was his duty to observe directions as he had fair and reasonable ground to understand them in connection with what he understood to be his duty, if in doing so the way was not obviously dangerous.

It is complained that the court erred in permitting testimony as to changed conditions subsequent to the accident, to the effect that the debris was cleared away from the projecting beams. The court, at the time, instructed the jury that they could not consider the evidence for the purpose of finding negligence on the part of the appellant, but that they should consider it simply for the purpose of explaining the testimony given in relation to the machine. We think appellant was not prejudiced. The witness had testified as to the appearance and situation of the projecting beams soon after the accident, when the debris was there, and he was testifying as to the appearance after the debris had been removed. The purpose of it was to show that he could better describe the conditions from his second examination, and it is not disputed that the beams remained in the same position. We think, from the instruction given by the court, the jury must have understood that they could not consider the subsequent removal of the debris as any acknowledgment of negligence on the part of the appellant.

Complaint is made of the instructions, and of the refusal to instruct as requested. The charge of the court was elaborate and extensive, and it seems to us that it covered every phase of the case within our views above expressed. We think appellant was not prejudiced either by instructions given or by the refusal to give any instructions as requested.

We find no reversible error, and the judgment is affirmed.

MOUNT, C. J., RUDKIN, FULLERTON, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.