[No. 28760. Department Two. November 25, 1942.]

AUGUST FERDINAND KUHR et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

[1] Reported in 131 P. (2d) 168.

502

A. C. *Van Soelen* and *John E. Sanders,* for appellant.

*Arthur E. Griffin,* for respondents.

BLAKE, J.—Plaintiffs brought this action against the city of Seattle to recover for damage to property owned by them at the northeast corner of Fairview avenue and Shelby street. The damage was caused by the sliding of earth from Shelby street onto the property.

Eastlake avenue is parallel with, and a block east of, Fairview. Shelby street has never been improved. The slope of Shelby street descending to Fairview is 27% for the first half block and 20% for the rest of the way. When Eastlake avenue was improved, the city made a fill extending into Shelby street for about twenty feet. A drain was laid through this fill to carry off surface water that accumulated in a depression in the pavement on Eastlake.

In 1939, this fill was augmented and extended for an additional twenty feet by the encroachment of earth dumped by certain persons on the lot at the southwest corner of Eastlake and Shelby. In the early part of 1940, the entire fill, both from the street and from the lot, began to slide. The city was notified of the condition, but did nothing about it. The slide ultimately encroached upon plaintiff's property, damaging it to the extent, as found by the trial court, of one thousand five hundred dollars. From judgment accordingly entered, the city appeals.

The appellant raises two questions, one of fact

and one of law. It contends that the slide, and consequent damage, was wholly due to the dumping of earth on the lot at the southwest corner of Eastlake and Shelby, for which it was not responsible.

If there had been no fill in Shelby street in the beginning and had not the fill on the lots encroached upon the street, there might be some basis for this contention. But we think it is quite clear from the evidence that, had there been no fill at all in the street, the slide from the lot would never have crossed the street and encroached upon respondents' property. So, unless appellant can escape liability upon the rule of law it invokes, it must respond in damages.

The rule relied upon is that a municipality is not liable for damage to persons or property injured in the use of streets which have never been opened and improved for public travel. 25 Am. Jur. 697, § 397; 7 McQuillin, Municipal Corporations (2nd ed.), p. 64, § 2924; *Tait v. King County,* 85 Wash. 491, 148 Pac. 586; *LaBreck v. Hoquiam,* 95 Wash. 463, 164 Pac. 67, L. R. A. 1917F, 297. This rule is generally applied in cases where persons have been injured while using an unopened and unimproved street as a highway. It is not applicable to a situation such as this where the city has created or permitted the creation of a nuisance in such a street. For the creation or maintenance of a nuisance, a municipality's liability is no different from that of a private person. *Harper v. Milwaukee,* 30 Wis. 365; *Hill v. New York,* 139 N. Y. 495, 34 N. E. 1090; *Roth v. St. Joseph,* 164 Mo. App. 26, 147 S. W. 490; *Vanderslice v. Philadelphia,* 103 Pa. 102; *Pennoyer v. Saginaw,* 8 Mich. 533; *Fitzgerald v. Sharon,* 143 Iowa 730, 121 N. W. 523.

This court has repeatedly held municipalities liable for damage to private property for removal of lateral support and for encroachment by slides occa-

sioned by the improvement of streets. *Casassa v. Seattle,* 66 Wash. 146, 119 Pac. 13; *Hinckley v. Seattle,* 74 Wash. 101, 132 Pac. 855; *Marks v. Seattle,* 88 Wash. 61, 152 Pac. 706; *Lochore v. Seattle,* 98 Wash. 265, 167 Pac. 918.

With some show of justification, it might be asserted that these cases are inapposite, because they are grounded in the theory of a violation of Art. I, § 16, of the constitution, which prohibits the taking or damaging of private property for public use without payment of just compensation. Of course, the encroachment involved in the instant case is in no sense a damaging of property for public use. Nevertheless, we think the decisions cited are expressive of well-recognized rights and liabilities of adjoining landowners.

"Ownership of property necessarily implies the right to exclusive use and enjoyment, and any unauthorized use of adjoining premises renders the trespasser liable for resulting damage. If one of two adjoining owners wishes to raise the grade of his lot, he must build a wall on his own ground, or in some other way keep the dirt within his own line. He cannot so fill up his own lot as to let the earth pass over his line on the lot of his neighbor." 1 Am. Jur. 507, § 7.

When this right against encroachment is invaded, we think it of little moment what the theory of the injured party's cause of action may be. Whether it be brought on the theory of trespass, nuisance, negligence, or violation of rights guaranteed by Art. I, § 16, of the constitution, is not important. If, under the facts and circumstances of the particular case, the theory of the cause of action is adapted to the relief sought, it is sufficient.

In the light of this well-established right and obligation of adjoining landowners, it seems to us wholly immaterial that Shelby street had not been opened or improved for public travel. Nor does the

fact that the fee of the street was not in the city affect its liability. The street was under its jurisdiction and control. For all practical purposes, it was an adjoining landowner with the respondents. Its obligation to respondents was no different from what it would be in a situation where it owned property in a proprietary capacity; and such obligation is that, in making or permitting a fill to be on its land, the city is bound to prevent earth or other material from encroaching upon a neighbor's property.

Judgment affirmed.

ROBINSON, C. J. and DRIVER, J., concur.

BEALS and SIMPSON, JJ., concur in the result.

---

[1] Reported in 131 P. (2d) 172.