No. 15,853.

Swenson *v.* LaShell et al.

(195 P. [2d] 385)

Decided June 21, 1948.

Mr. Omar E. Garwood, Mr. Robert S. Mitchell, for plaintiff in error.

Mr. Ivor O. Wingren, Mr. Earle F. Wingren, Mr. Malcolm Lindsey, Mr. Wayne D. Williams, for defendants in error.

334

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as Swenson, LaShell, Denver and D. & F., respectively.

Swenson sued defendants in error for personal injury occasioned by falling on an icy sidewalk. At the close of his evidence the court sustained motions for directed verdicts against him and to review the judgment entered accordingly he prosecutes this writ, assigning as errors the orders for judgment in favor of each defendant, the exclusion from evidence of a portion of a map and testimony concerning the slope of a certain ramp. The first of these presents only the question of the sufficiency of the evidence.

D. & F. owned the property adjoining the sidewalk on which Swenson was injured. Under lease from them La Shell operated thereon a parking lot for automobiles. There is but one entrance for cars thereto which is over said sidewalk. The complaint charged that in bad weather cars crossing this sidewalk caused an accumulation of ice and snow thereon which, if not promptly removed, became dangerous to pedestrians and that plaintiff's fall and injuries were caused by the negligence of defendants in permitting snow and ice to so accumulate and remain. There is no claim of any defect in sidewalk or driveway.

An ordinance of Denver requires that property owners, or occupants, "after any fall of snow shall cause the same to be immediately removed from the sidewalks" and for failure so to do may be fined "not less than five dollars nor more than fifty dollars." LaShell's lease provided that he would obey all statutes and ordinances concerning the clearing of sidewalks. There is no statute on the subject.

Plaintiff's injury occurred about 11:00 a. m.,

January 11, 1946. A snow fall was then in progress which had continued from approximately midnight preceding. There is no evidence to indicate that the condition of the sidewalk at the time of the accident was due to any prior snowfall or accumulation. This fact makes inapplicable many of the authorities cited by counsel for Swenson. There was no common-law liability on La Shell or D. & F. 40 C. J. S., p. 305, §258. The ordinance could create no express liability as between citizens. *Taylor v. City of Yonkers*, 105 N. Y. 202, 11 N. E. 642; *Russell v. Sincoe Realty Co.*, 293 Mo. 428, 240 S. W. 147.

■ In any event neither LaShell, Denver nor D. & F. had any duty to act until "after any fall of snow," and at the time of the mishap the storm in question was still in progress. As to LaShell and Denver a complete answer to their liability is found in *W. T. Grant Co. v. Casady*, 117 Colo. 405, 188 P. (2d) 881, decided January 5, 1948.

■ ■ It is said that the map which was excluded was material to show the place of the accident and that the excluded evidence of the ramp was to disclose an inclined condition which was constructive notice to the city, but the place of the accident was clearly established by the evidence and the map was of no assistance for that purpose. If some liability rested upon the city because of constructive notice due to the slope of the ramp the same would be true of countless locations in the city of Denver and the duty and responsibility imposed thereby would be wholly unreasonable. Denver had no actual notice.

We find nothing in the record, or the authorities cited by counsel, to support the assignments.

The judgment is affirmed.