[Civ. No. 19087.   Second Dist., Div. Three.   Nov. 7, 1952.]

HAL KENNEDY, Appellant, v. ROSECRANS GARDENS, INC. (a Corporation), Respondent.

Conroy, Conroy & Light for Appellant.

Charles T. Lester and J. A. Levinson for Respondent.

SHINN, P. J.—Plaintiff sues for damages for trespass upon his land and for an injunction. He appeals from a judgment for defendant.

Plaintiff owned a parcel, we shall call "A," 145 feet wide and more than 900 feet in length. Defendant owned "B" immediately east of "A." Plaintiff owned parcel "C" immediately east of "B." Both parties were desirous of subdividing their respective parcels. They entered into an agreement under which defendant agreed to convey to plaintiff a strip along the westerly edge of "B" ranging in width from 17 to 28 feet which we shall call "D." Plaintiff conveyed "C" to defendant and received a purchase money trust deed for $2,500. It was agreed that if defendant did not subdivide "C" within six months it would reconvey "C" to plaintiff and he would give a release of the trust deed.

The deeds, with the agreement, were placed in escrow on or about February 6, 1951, and were recorded May 25, 1951. Defendant did not subdivide "C," but reconveyed it to plaintiff who gave a release of the trust deed. Plaintiff therefore retained title to the strip "D."

Defendant subdivided "B" and in doing so raised the grade 24 or more inches. By plaintiff's evidence, which was

not controverted, it was established that after raising the grade defendant caused to be deposited earth and debris on "D" to a width of several feet; water from the gardens on "B" comes down and brings down more dirt; the slope in this area is from 45 to 60 degrees.

Defendant does not deny that the acts complained of would ordinarily constitute a trespass. Its defense is based upon the fact that it commenced raising the grade of "B" February 7th, the day after the agreement was made, and had created the condition described before its deed to plaintiff was delivered out of escrow. It contended, successfully, that plaintiff did not take title to the land until close of the escrow and that he cannot complain of conditions as they were at that time. This argument fails to give any effect to the agreement. Defendant was bound to convey "D" to plaintiff and could not between the date of the agreement and the deed make any changes in the subject of the agreement which would deprive plaintiff of the full benefit of his bargain. The parties devote much argument to the question whether the passing of title by delivery of the deed would relate back to February 6, 1951, the date of the deed. This is not the question. It was not the deed, but the agreement which determined the rights of plaintiff. He had objected when earth was first shoved onto his property by defendant's bulldozers and defendant had removed it, only to encroach with earth and debris from time to time, both before and after May 25th. Plaintiff was not required to take the property in a damaged condition. Moreover, defendant's continued acts of trespass were wrongful.

Plaintiff did not prove the amount of his damage. He gave evidence that a wall 900 feet long would be required to protect his property and estimated its cost at $3,400. He also testified that there would be a continuing deposit of water and earth upon his land, unless it was protected, and that he intended to build houses upon lots which would extend the full depth of his parcels "A" and "D."

Plaintiff alleged in paragraph VII of his complaint he had been damaged in the sum of $3,500. Defendant denied "each and every allegation" of paragraph VII. The court found the allegations of paragraph VII to be untrue but made no other findings as to damage. The answer was merely a denial that plaintiff had suffered damage in the amount of $3,500 and was an admission that he had suffered substantial damage. (*Beetson* v. *Hollywood Athletic Club*, 109 Cal.App.

715 [293 P. 821] ; *Prentice* v. *Zumwalt*, 124 Cal.App. 646 [13 P.2d 379] ; *Armer* v. *Dorton*, 50 Cal.App.2d 413 [123 P.2d 94] ; *Janeway & Carpender* v. *Long Beach Paper & Paint Co.*, 190 Cal. 150 [211 P. 6] ; 8 Cal.Jur., p. 894; 21 Cal.Jur., p. 154.) But the insufficiency of the denial and the findings as to damage may be overlooked.

█ It was defendant's duty to protect plaintiff's property from injury occasioned by the change of grade. (*Kuhr* v. *City of Seattle*, 15 Wn.2d 501 [131 P.2d 168] ; *Sime* v. *Jensen*, 213 Minn. 476 [7 N.W.2d 325] ; 1 Cal.Jur.2d, p. 731.)

█ Plaintiff was entitled to an injunction against the continued and threatened wrongful use of his property unless the harmful results thereof were of such a trivial nature as to come within the maxim *de minimis* (14 Cal.Jur., p. 221, 224; 24 Cal.Jur., p. 700), or, in the alternative, compensation in damages (see *Spaulding* v. *Cameron*, 38 Cal.2d 265 [239 P.2d 625]). Upon the undisputed evidence the acts of defendant constituted a substantial interference with the full and free use of plaintiff's property.

█ Plaintiff did not plead the agreement of February 6th but it was introduced in evidence by plaintiff without objection. The agreement and the deed were all part of a single transaction. Plaintiff's attorneys, in their opening statement, stated the terms of the agreement. The case was tried upon the theory that the entire transaction was before the court for adjudication although the significance of the agreement appears to have been overlooked. When the agreement is considered with the deed, which bore the same date as the agreement, the deed necessarily relates back to the date of the agreement. Plaintiff should be permitted to amend his complaint to plead the agreement.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.