[No. 32149.   Department Two.   January 29, 1953.]

LAMBERT S. PETERSON *et al., Respondents,* v. KING COUNTY, *Appellant.*[1]

[1]Reported in 252 P. (2d) 797.

*Charles O. Carroll* and *Samuel C. Rutherford,* for appellant.

*Guttormsen, Scholfield, Willits & Ager,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment rendered against King county in favor of respondents for damages to their property as a result of a slide.

Respondents' property is located at the bottom of a steep slope, on the top of which is Twenty-eighth S.W., also known as Auto Drive. Before the county built the road in 1942, the land was rounded off at the top with vegetation on it. In building the road, the county made a fill about ten feet high. The following year, a bulkhead was built, which was filled with gravel and small rocks. In 1948, some pilings supporting the bulkhead became rotted, and the county drove new pilings but did not remove the rotted ones. The bulkhead was directly above respondents' property.

February 9, 1951, there was a heavy rain. Water accumulated on the road and started through the earth, creating a small hole at the bottom of the bulkhead. The hole became enlarged, permitting earth, gravel, and rocks to wash through. As a result, water, mud, and rocks came down the hill and damaged respondents' property. Respondents filed a claim against the county, which was rejected. This action was then commenced.

The complaint alleged that, in building the roadway, the county filled in ten feet of earth on top of an existing roadway, thus steepening the slope; that it built a drainage system; that prior to February 9, 1951, the county had actual notice that the drainage system was inadequate and that surface water was overflowing and soaking the roadway and hillside; that the overflowing was due partly to the inadequacy of the drainage system and partly because the

drainage system had become clogged; that the bulkhead was in a state of disrepair, the supporting vertical timbers being rotted at the bottom and insecurely anchored to the ground; that this was known, or should have been known, to the officers of King county. In addition to the above, paragraph XII of the complaint alleged:

"Plaintiff further alleges that the act of the county in building a roadway known as 28th Avenue S. W. by creating a precipice at the top of the slope above plaintiffs' property where 28th Avenue S. W. begins, in place of the smoothly rounded off hill which existed at the time of the county commencing and building of said road on the top of said hill, was the proximate cause of the damages sustained by the plaintiffs as hereinafter enumerated and the act of said county in so doing was for a public purpose and the consequence of said act as herein set forth amounts to an unconstitutional taking of property without compensation and without due process of law within the meaning of the Constitution of the State of Washington, Article 1, § 16."

King county appeals from a judgment against it in respondents' favor. It assigns error in denying appellant's challenge to the sufficiency of the evidence made at the end of respondents' case; in allowing the introduction of testimony concerning repair attempts or precautions taken after the accident over objection of counsel and in denying motion for mistrial based thereon; in giving instruction No. 2; in failing to give certain requested instructions; in denying motion for judgment notwithstanding the verdict or, in the alternative, for a new trial; and in entering judgment for respondents.

Appellant put in its testimony after denial of its challenge to the sufficiency of its evidence at the close of respondents' case. Its assignment of error in that respect is without merit.

Respondent testified that the day after the slide the catch basin was clogged with sand; that the county had the fire department flush the basin, and that thereafter it was clear and drained the water, although it was still raining. Objection was made that the testimony was given to prove negligence by acts occurring subsequent to the alleged neg-

ligence. A motion for a mistrial was also made. Both motions were denied.

■ Evidence of measures taken subsequently to safeguard an instrumentality which caused injury is not admissible to prove negligence. *Hatcher v. Globe Union Mfg. Co.,* 178 Wash. 411, 35 P. (2d) 32. Such evidence may be admitted, not as an acknowledgment of negligence, but for the purpose of explaining testimony as to the conditions at the time of the injury. *Barrett v. Banner Shingle Co.,* 45 Wash. 12, 87 Pac. 919.

One of the issues in this case was whether or not the drain was plugged at the time of the slide. Respondent testified that it was. Then, to verify that, he testified that almost immediately afterward, the county caused the drain to be opened by flushing, and that it functioned thereafter, although it was still raining. We do not feel that this evidence prejudiced appellant to the extent that the jury could have considered appellant's subsequent actions as an acknowledgment of negligence on its part. The jury was not instructed with regard to this testimony because the case was not submitted to it on the theory of negligence. We feel that, upon a retrial, a proper instruction should be given, and, in addition, upon the admission of this testimony, the jury should be cautioned that it is not admitted to prove negligence.

Instruction No. 2 was as follows:

"Plaintiffs' action is based upon two legal theories. Under the first theory plaintiffs seek damages for depreciation in the value of their real property resulting from the actual physical damage to the property by reason of the washout of the county road. Under the second theory the plaintiffs seek damages for depreciation in the value of their real property resulting from the construction of the county road and the bulkhead and its maintenance by the county adjacent to and above plaintiffs' property in such manner as to create an inherently dangerous situation.

"In connection with plaintiffs' first theory, I instruct you that the court has determined as a matter of law under the evidence in the case that the defendant King County is liable to the plaintiffs for any damage which they may have sustained as a result of the washout on February 9, 1951,

unless you find from a preponderance of the evidence that the defendant has proved its affirmative defense that the sole cause of such damage was an act of God, i.e., the action of the elements which the defendant could not, in the exercise of reasonable care and diligence, have foreseen. The burden of proof lies with the defendant to establish its affirmative defense.

"In connection with plaintiffs' second theory, I instruct you that, if you find, from a preponderance of the evidence, that the construction of and the maintenance of the road and bulkhead by the defendant King County have resulted in a depreciation in the value of plaintiffs' property, you will find for the plaintiffs. The burden of proof lies with the plaintiffs to establish their second theory."

We are of the opinion, from an examination of the pleadings and testimony in this case, that respondents proceeded on two theories: one, negligence in the maintenance of the drainage system and the bulkhead; and two, an unconstitutional taking in violation of Art. I, § 16, of the Washington constitution.

We held in *Great Northern R. Co. v. State*, 102 Wash. 348, 173 Pac. 40, that the action of the state, in the construction of a highway on a steep hillside above a railroad track, by blasting and dumping material causing slides, obstructing the track and damaging it, constituted a taking under Art. I, § 16, and the state was liable in damages even though the state did not condemn the railroad company's property in advance. In the case at bar, if the direct, proximate cause of the slide on February 9, 1951, was the creating of a precipice in 1942, at the top of the slope above respondents' property, that would constitute a taking in violation of the constitutional provision. As we view the evidence, the creating of the precipice in 1942 was not the direct, proximate cause of the slide in 1951.

The trial court felt compelled to give instruction No. 2 because of our holding in *Kuhr v. Seattle*, 15 Wn. (2d) 501, 131 P. (2d) 168. In that case, the plaintiffs owned property on the corner of Fairview avenue and Shelby street in Seattle. The slope of Shelby street descending to Fairview is twenty-seven per cent for the first half block and twenty per cent for the balance. When Eastlake was improved,

the city made a fill extending into Shelby street for about twenty feet. Later, an additional twenty feet was added by individuals dumping earth on that spot. After that, the fill began to slide, and it ultimately encroached on the plaintiffs' property. We held that the encroachment was in no sense a damaging of property for public use. We then added:

"Nevertheless, we think the decisions cited are expressive of well-recognized rights and liabilities of adjoining landowners.

" 'Ownership of property necessarily implies the right to exclusive use and enjoyment, and any unauthorized use of adjoining premises renders the trespasser liable for resulting damage. If one of two adjoining owners wishes to raise the grade of his lot, he must build a wall on his own ground, or in some other way keep the dirt within his own line. He cannot so fill up his own lot as to let the earth pass over his line on the lot of his neighbor.' 1 Am. Jur. 507, § 7.

"When this right against encroachment is invaded, we think it of little moment what the theory of the injured party's cause of action may be. Whether it be brought on the theory of trespass, nuisance, negligence, or violation of rights guaranteed by Art. I, § 16, of the constitution, is not important. If, under the facts and circumstances of the particular case, the theory of the cause of action is adapted to the relief sought, it is sufficient."

As stated above, the present action was brought on two theories, negligence and violation of rights guaranteed by Art. I, § 16, of the constitution.

■■ It is the duty of the county to build roads for the use of the public. In doing so, the county is not an insurer that damage will not result to adjoining landowners as a result of such construction. Nevertheless, it is incumbent upon the county to use every reasonable means to protect adjoining landowners. The county attempted to do that in this instance. It installed a drainage system and constructed a bulkhead. If, in spite of such precautions, a slide had occurred, that would have been an invasion of respondents' right against an encroachment of their property, and the county would have been liable even though it would not

have been negligent. But here the safeguards were shown to have been adequate. For a period of nine years, the construction of the road on top of the hill resulted in no invasion of, or encroachment upon, respondents' property. It was only when the drainage system allegedly became clogged, and when the bulkhead allegedly became in a state of disrepair, that the slide occurred. In other words, the damage was caused, not by the construction of the road, but by the alleged negligence of the county in failing to properly maintain the safeguards it had provided.

In the recent case of *Harkoff v. Whatcom County*, 40 Wn. (2d) 147, 241 P. (2d) 932, the county had enlarged certain roadside drainage ditches in 1945 and again in 1948, which caused a substantial increase in the amount of water flowing through these ditches. In 1950, an adjacent property owner constructed a drainage ditch which emptied into the drainage ditches along the road, and the county again deepened and widened its ditches with the result that the ditch overflowed onto the lands of the plaintiff Harkoff, damaging his lands, buildings, and crops. He brought an action against the county without filing a claim as provided for in Rem. Rev. Stat., § 4077 [P.P.C. § 480-17]. In holding for the plaintiff in that case, we said, in reference to the rights and duties of the county:

"It had the right to construct and at times enlarge roadside drainage ditches to protect the roads and to put needed culverts under them. In so doing, however, it was its duty to construct them of sufficient capacity to carry the drainage waters impounded thereby and in such a manner as not to overflow onto the property of others.

"A breach of such a duty with resultant damage to property brings the property owner affected within the protection afforded by Art. I, § 16, of the constitution."

The case is readily distinguishable on the facts from the case on appeal. In the *Harkoff* case, the county had enlarged the ditches at different times over a period of five years. These actions finally culminated in the damage to the property of the plaintiff, for which he immediately brought an action for compensation. In enlarging the

ditches, the county did nothing to safeguard the plaintiff's property, and the resultant overflowing of his land was due, directly and proximately, to the actions of the county.

*Clark v. Seattle,* 156 Wash. 319, 287 Pac. 29, was an action in which it was alleged that the city, in the exercise of its municipal functions, made certain fills on a steep hillside above the plaintiffs' property, resulting in slides onto their property, to their damage. The city alleged affirmatively that the plaintiffs negligently excavated large quantities of earth at the toe of the slope, thereby causing the slide, and that such act was the proximate cause of the damage claimed. It was argued that, under the law of the state, the plaintiffs were entitled to recover without regard to the care exercised by the city in doing the things charged in the complaint; in other words, that negligence was not involved in that kind of an action. In discussing that contention, we said:

"This case also may be considered as one for which no claim would be required to be filed against the city; but in so holding we do not desire to go a step further and hold that, where there is no question of the removal of lateral support or a direct physical invasion of private property in the course of public improvements, the city is necessarily liable for anything that may happen in the course thereof. To so hold would be to practically make a municipality an insurer in every slide case, regardless of the cause thereof, had the municipality carried on any improvement or repair in an adjacent or nearby street, regardless of the proximate cause of damage, and preclude the municipality from any defense thereto. Whether it be called negligence, trespass, or an act of sovereignty commonly called eminent domain, there must be a direct invasion of private property, or a deliberate taking thereof, or an injury and damage directly or proximately caused by one or the other."

The cases in this state involving the liability of municipal corporations in connection with the building of roads and streets are in hopeless conflict. See *Wong Kee Jun v. Seattle,* 143 Wash. 479, 255 Pac. 645, 52 A. L. R. 625. We shall not attempt to reconcile them. However, we do not believe that the language in the *Kuhr* case was intended

to be a "catch-all," whereby the municipality would be liable in every case of encroachment on another's property regardless of the cause of such encroachment. In this case, the proximate cause of the slide in 1951 was not the building of the road in 1942. The proximate cause was the failure, if any, of the county to properly maintain the safeguards it had provided for the protection of respondents' property.

Appellant's proposed instructions on proximate cause, reasonable care, and negligence were not given because the trial court did not submit these issues to the jury. We are confident that, upon a retrial, proper instructions will be submitted covering these issues. Instructions were also proposed covering surface waters. We feel that the court did not err in refusing to give such instructions, for two reasons: first, because such proposed instructions did not correctly state the law; and second, because from the record, the issue of surface waters should not have been submitted to the jury.

■ The withholding of the question of negligence from the jury and the determination of liability of appellant as a matter of law, constituted error. The judgment is reversed and the cause remanded, with instructions to grant a new trial.

HILL, HAMLEY, FINLEY, and OLSON, JJ., concur.

———————

March 30, 1953. Petition for rehearing denied.