493 P.2d 687 (1971)
Fern M. BARNES, Plaintiff-Appellant,
v.
SAFEWAY STORES, INC., a Delaware corporation, Defendant-Appellee.
No. 71-260. (Supreme Court No. 24847.)
Colorado Court of Appeals, Div. I.
December 7, 1971.
Rehearing Denied December 28, 1971.
Certiorari Denied February 28, 1972.
*688 William L. Lloyd, Pueblo, for plaintiff-appellant.
Petersen, Evensen, Mattoon & Tracey, William F. Mattoon, Pueblo, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a slip and fall case. Plaintiff, Mrs. Barnes, fell while walking down a cement ramp on leaving a store of defendant, Safeway Stores. Trial was had to a jury which returned a verdict in favor of defendant. Plaintiff appeals from the judgment entered on the verdict.
The sole error asserted attacks a ruling by the trial court which excluded certain evidence on cross-examination. The asserted error is without merit.
The only eyewitnesses to the accident were the plaintiff and defendant's carryout boy who was carrying plaintiff's packages. Plaintiff had testified that the carry-out boy had stated at the time of the accident that the ramp was slick and that he had slipped while walking on the ramp. The carry-out boy, called as a witness for defendant, testified on direct examination that the ramp was not slick and denied ever having stated that he had slipped on the ramp. He further stated that he had never fallen on the ramp. He had also testified that the ramp, at the time of trial, was in a condition very similar to its condition at the time of the accident although for a while in the interim it had been covered with an indoor-outdoor carpet.
The store manager, also called as a witness for defendant, testified that the ramp, in his opinion, was not slick and that it was in approximately the same condition at the time of trial as it was on the date of the accident. He further testified that the rug was placed on the ramp about three years after the accident as part of an experiment by the defendant.
There was no evidence offered which disputed the statements of these two witnesses that the ramp was in approximately the same condition at the time of trial as on the date of the accident. Further, after all the testimony was taken, the jury was allowed to view the ramp, at the request of defendant and without objection by plaintiff.
On cross-examination of each of these two witnesses, plaintiff sought to elicit evidence that about two weeks after the accident strips of friction tape were placed on the ramp. Defendant objected and the court sustained the objection. Plaintiff concedes that the general rule is that evidence as to curative steps taken after an accident is inadmissible, Diamond Rubber Co. v. Harryman, 41 Colo. 415, 92 P. 922, but urges that such evidence is admissible to impeach a witness.
*689 Many courts have so held. See Anno. 64 A.L.R.2d 1305. However in the cases where such evidence was admitted there had been previous testimony that no alterations had been made or other similar statements which the evidence sought to be introduced would, in fact, impeach. Such was not the case here. The testimony of the two witnesses that the premises were still in substantially the same condition as at the time of the accident was not in dispute, and the tendered evidence could in no way impeach the testimony of the carryout boy concerning what he did or did not say at the time of the accident.
The scope and limitation of cross-examination lie within the sound discretion of the trial court, Howell v. Cussons, Colo. App., 489 P.2d 1056, and, in the absence of an abuse of that discretion, will not be disturbed. Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33.
Judgment affirmed.
COYTE and ENOCH, JJ., concur.