514 P.2d 80 (1973)
Margurett POLSTER, Plaintiff-Appellee,
v.
GRIFF'S OF AMERICA, INC., a Missouri corporation, Defendant-Appellant.
No. 72-170.
Colorado Court of Appeals, Div. II.
May 15, 1973.
As Modified on Denial of Rehearing June 19, 1973.
Rehearing Denied July 3, 1973.
Certiorari Granted September 17, 1973.
*82 Walton, Tammen & Hudson, Norman E. Walton, Colorado Springs, for plaintiff-appellee.
Sheldon, Bayer, McLean & Glasman, Richard H. Glasman, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant, Griff's of America, appeals from a judgment entered against it in favor of plaintiff, Margurett Polster. Plaintiff's action arose from a slip and fall on defendant's premises. The circumstances of the accident, in the light most favorable to plaintiff, are as follows: At about 12:30 p.m., on January 2, 1971, plaintiff drove into the parking lot of defendant's drive-in restaurant and parked her car. At the time, the parking lot and sidewalk leading up to the entry way of the takeout area were covered with snow. After entering the restaurant and making her purchase, plaintiff left the takeout area, with her purse in her left hand and her order in her right hand. Immediately outside the entry way was a smooth cement incline, which plaintiff had to traverse. The incline was purportedly covered with light snow. As she was walking down this sloping area, plaintiff slipped and fell, incurring the alleged injuries.
Defendant brings this appeal raising numerous errors. We reverse the judgment of the trial court and due to the necessity for a new trial, we must address three basic areas included in the allegations of error. Specifically, defendant contends that the plaintiff failed to establish a prima facie case; that the court erred in several particulars with regard to instructing the jury; and finally, that the court erred in admitting certain testimony.

I.
Defendant's contention that plaintiff failed to establish a prima facie case is without merit. There are essentially two elements to this argument. The first is that there was no breach of duty owed to plaintiff since there is no duty to remove accumulated snow until the snow storm has stopped. Swenson v. LaShell, 118 Colo. 333, 195 P.2d 385. Here, however, there was a dispute as to whether the snow had, in fact, ceased falling and as to when it may have stopped. Since the sole determination under the rule announced in Mile High Fence Co. v. Radovich, Colo., 489 P. 2d 308, is whether defendant acted with reasonable prudence under the circumstances, it would be proper, on the record before us, to submit the question of breach of duty to the jury.
Defendant's second argument is that the evidence was insufficient to establish that any act or omission of the defendant was the cause of the accident. Again, we do not agree. It is well established that proximate cause can be established by circumstantial evidence. Randall v. Nasbarg, 28 Colo.App. 147, 470 P.2d 893. Here, there was evidence showing that there was an incline leading away from the door; that it was snowy and wet in the area; and that plaintiff slipped and fell on this incline. From this, the jury could reasonably infer that the plaintiff's injuries were caused by a failure to maintain this incline in a safe condition.
On the record before us, sufficient facts were presented to establish a prima facie case, and therefore, there was no error in submitting the issue of defendant's liability to the jury.

II.
Defendant's various contentions with regard to the instructions given to the jury are also without merit. Again, there are several aspects to this contention. Defendant *83 first contends that the instructions regarding liability did not adequately state its theory of the case or the applicable principles of law. It is also contended that the defendant was entitled to have an instruction that any award given plaintiff was not taxable.
Turning first to the contention that the applicable law and defendant's theory were not properly stated, we again conclude that no error has been shown. The trial court instructed the jury on the standard of care of an operator of a business commensurate with the requirements of Mile High Fence Co. v. Radovich, supra. The jury was also given accepted and proper instructions on negligence, due care, proximate cause and contributory negligence. Viewing the instructions in their totality, we conclude that they adequately stated the law. Fox v. Martens, 132 Colo. 208, 286 P.2d 628. We do note, however, that subsequent to this trial of this case, the Supreme Court has promulgated a model instruction for premise liability, Colorado Jury Instructions 12:9 (1973 Supp.), which should be used as a basis of instruction upon retrial.
With regard to defendant's proposed instructions, we conclude that they would not have significantly clarified any point the jury was required to consider. Therefore, we perceive no abuse of discretion in refusal to give these instructions.
We also find no merit in defendant's contention that the court erred in refusing to instruct the jury that any award rendered would not be taxable. While a few courts have allowed such an instruction, (See Annot., 63 A.L.R.2d 1393) we adopt the view that such an instruction is improper. Absent considerable speculation, the jury would be unable to assess the effect of taxation upon its verdict, and to give such an instruction would only tend to confuse the jury. Davis v. Fortino and Jackson Chevrolet Co., Colo.App., 510 P.2d 1376 (1973); Henninger v. So. Pacific Co., 250 Cal.App.2d 872, 59 Cal.Rptr. 76.

III.
Finally, defendant contends that the court erred by allowing plaintiff to testify about a statement made by one employee of defendant to another employee, to the effect that the former should "go to 7-Eleven and get some salt and put on this and get a broom." This testimony, defendant contends, is objectionable on two grounds: First, that it is hearsay, and, second, that it is evidence of curative acts taken subsequent to an accident and as such, is inadmissible under the rule announced in Barnes v. Safeway Stores, Inc., 30 Colo.App. 281, 493 P.2d 687.
Turning first to the hearsay objection, we note that this statement was made in short-time proximity after the fall, while plaintiff was still lying on the pavement. It was, by its nature, a spontaneous exclamation. As such, it could be properly allowed by the trial court as part of the res gestae. Stahl v. Cooper, 117 Colo. 468, 190 P.2d 891.
With regard to the question of whether it is independently admissible, defendant is correct in noting that the general rule is that evidence of any curative action taken after an accident is inadmissible to prove antecedent negligence. Barnes v. Safeway Stores, Inc., supra. There are two bases to this rule: The principal objection to such evidence is that it is of questionable relevance, and secondarily, it is undesirable to discourage repairs C. McCormick, Evidence § 275 (2d ed.). However, even though the rule is almost universally followed, (Annot., 64 A.L.R.2d 1296) a variety of exceptions have been recognized. E.g., Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (to show a duty to maintain); Pierce v. J. C. Penney Co., 167 Cal.App. 2d 3, 334 P.2d 117 (to impeach); Cochran v. Harrison Memorial Hospital, 42 Wash. 2d 264, 254 P.2d 752 (to show dominion or control); Peterson v. King County, 41 Wash.2d 907, 252 P.2d 797 (to show condition of premises). The common theme of these exceptions is that such evidence *84 can be probative of relevant information other than negligence, and when it is, it is admissible for such purposes.
In the instant case, we consider the statement of the employee to be proof of the conditions that existed where plaintiff fell. As such, it is admissible to prove conditions at the time of the accident. Peterson v. King County, supra. However, by the above-stated rule, it would clearly not be admissible as an admission of negligence by the employee.
Since this evidence is admissible for a limited purpose only, it was necessary for the trial court to give a cautionary instruction to the jury, advising the jury that it could not take the statement as an admission of negligence. Peterson v. King County, supra; C. McCormick Evidence §§ 59 and 275 (2d ed.). See also Annot., 64 A.L.R.2d 1296. The trial court gave no cautionary instruction. A review of the record convinces us that this testimony may well have been a determining factor in the resolution of the issues and was not harmless error; therefore, the case must be remanded for new trial.

IV.
We have considered defendant's other numerous contentions of error and have concluded that they are not relevant to a remand of this matter.
Judgment reversed and remanded for a new trial.
SILVERSTEIN, C.J., and DWYER, J., concur.