**Elizabeth MARTINEZ,**
**Plaintiff-Appellant,**

v.

**ATLAS BOLT & SCREW COMPANY,**
**Defendant-Appellee.**

**No. 78–1098.**

Colorado Court of Appeals,
Div. III.

June 18, 1981.

Rehearing Denied July 16, 1981.

Certiorari Denied Nov. 16, 1981.

---

David L. Kofoed, P. C., David L. Kofoed, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P. C., F. Michael Ludwig, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Elizabeth Martinez, brought this products liability action against the defendant, Atlas Bolt & Screw Company (Atlas), in connection with the death of her husband, Edward Martinez, allegedly caused by defective and unreasonably dangerous equipment manufactured by the defendant. Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant. We reverse.

The plaintiff's husband was killed on March 12, 1975, at the C.F.&I. plant in Pueblo, Colorado, when an electric coke locomotive crushed him between a wall he was working on and a hot coke car being pushed by the locomotive.

Martinez bases her claims against Atlas on strict liability as set forth in the *Restatement (Second) of Torts* § 402A, which has been adopted as the law in Colorado. *See Hiigel v. General Motors Corp*, 190 Colo. 57, 544 P.2d 983 (1975). At trial, plaintiff con-

tended (1) that the design of the locomotive was defective in that the operator had severely limited visibility from the cab (2) because the locomotive was not equipped with warning devices adequate to apprise persons in the area of operation of the movements of the train; and (3) that the locomotive was defective because Atlas failed to warn either the purchaser, C.F.&I., or its agents of the locomotive operator's visibility limitations and the dangers associated therewith.

## I.

■ Plaintiff first contends that the trial court erred in failing to instruct the jury on the duty of the manufacturer to warn the purchaser and/or its agents of the inherent limitations upon the locomotive operator's visibility. We agree.

At trial, plaintiff tendered an instruction on the manufacturer's failure to warn, which instruction was rejected by the trial court on objection by the defendant. For some reason, not apparent from the record, the refused instruction was not stamped as tendered and, therefore, does not appear in the record. However, in a post-trial motion plaintiff sought to amend the record to include the tendered instruction, and defense counsel admitted that the instruction had been tendered and refused. Nevertheless, the trial court denied plaintiff's motion because it felt the proposed correction would be of no significance on appeal and because it determined that the plaintiff's right to challenge the refusal of his tendered instruction would not be affected by a denial of the motion.

■ On appeal, defendant argues that C.R.C.P. 51 is a procedural bar to plaintiff's allegation that the failure to instruct on plaintiff's theory constituted error. We reject defendant's argument. Where, as here, defendant has admitted the assertions made by plaintiff in his motion to correct the record, the fact that the record does not accurately reflect the proceedings at trial is

of no significance. Under the circumstances presented here, we do not consider C.R. C.P. 51 as a procedural or technical bar to the right of plaintiff to raise this issue on appeal.

## II.

Plaintiff contends that had the defendant warned C.F.&I. at the time of delivery that persons operating the coke locomotive could see virtually nothing in front of them when engaged in the operation of pushing the coke car with the locomotive, C.F.&I. might have considered or adopted more effective safety measures that would have reduced the danger caused by the operation of the train. Defendant however, asserts that because the lack of visibility was obvious to anyone who drove the locomotive, it was unnecessary to warn C.F.&I. about the visibility limitations.

■ A product may be defective for purposes of § 402A if the manufacturer does not give sufficient warnings of dangers inherent in the use of the product. *Union Supply Co. v. Pust,* 196 Colo. 162, 583 P.2d 276 (1976); *Frazier v. Kysor Industrial Corp.,* Colo.App., 607 P.2d 1296 (1979). Such failure to warn may thus make the product unreasonably dangerous to the user and result in strict liability to the manufacturer. *Frazier v. Kysor Industrial Corp., supra.* Whether a product is in a defective condition, unreasonably dangerous to the user or consumer because of a manufacturer's failure to warn is an issue for the jury. *Anderson v. Heron Engineering Co.,* Colo., 604 P.2d 674 (1979); *Union Supply Co. v. Pust, supra; Frazier v. Kysor Industrial Corp., supra.*

■ Defendant's argument that no warning was necessary by virtue of the fact that the visual limitations were obvious to any one operating the locomotive, must be rejected. Our Supreme Court has held that the allegedly patent nature of a defect does not in and of itself give rise to a defense to strict liability under § 402A. *Union Supply Co. v. Pust, supra.*

Here, there was sufficient evidence to have supported a jury finding that there was a failure adequately to warn of a defective condition unreasonably dangerous to the user or consumer. *See Anderson v. Heron Engineering Co, supra; Union Supply Co. v. Pust, supra; Frazier v. Kysor Industrial Corp., supra.* The evidence at trial showed that the actual vehicle operators were aware of the severe visual limitation. The fact that persons who had cause to operate the equipment were aware of the defect does not relieve the manufacturer of its duty to warn, if such duty was present at the time the equipment was sold. *See Union Supply Co. v. Pust, supra.* No instructions or warnings of any kind were provided C.F.&I., concerning the visual impairment. Thus, there was a factual basis for submitting the case to the jury under a failure to warn theory, and the trial court should have instructed the jury on that theory. The failure to do so constitutes reversible error. *See Anderson v. Heron Engineering Co., supra.*

### III.

At trial, plaintiff made an offer of proof in which she attempted to show that since the accident, Atlas has incorporated a remote control T.V. camera into its locomotive design, and that such equipment has since been incorporated into the C.F.&I. coke operation. This evidence was offered to impeach the testimony by Atlas that visibility on the locomotive was adequate, and also to show that such a design change was feasible at the time the locomotive was first manufactured. Plaintiff contends that the trial court's refusal to allow such testimony constitutes error. We agree.

While evidence of subsequent repairs is generally inadmissible to prove negligence, *Barnes v. Safeway Stores, Inc.*, 30 Colo.App. 281, 493 P.2d 687 (1971), this negligence principle is not applicable in a products liability context. *Roberts v. May*, 41 Colo.App. 82, 583 P.2d 305 (1978). This is so because where, as here, an action is based on an alleged design defect, one important question is the existence of feasible alternatives. *Roberts v. May, supra.* Since a post-accident design change may bear directly on this issue, evidence of such a change generally is admissible. *Roberts v. May, supra.*

Here, the evidence offered by the plaintiff should have been admitted for impeachment purposes, to demonstrate the seriousness of the visibility limitation, and also to show the feasibility of installing equipment which would have remedied the problem.

The question of whether Atlas furnished sufficient instructions and warnings to C.F.&I. concerning the dangers inherent in the operation of the coke locomotive was a jury question and properly should have been submitted to the jury.

Accordingly, the judgment is reversed and the cause is remanded for a new trial.

BERMAN and STERNBERG, JJ., concur.