202 N.J. Super. 461 (1985)
495 A.2d 445
MICHAEL HULL, III, PLAINTIFF-CROSS-APPELLANT,
v.
GETTY REFINING & MARKETING CO., T/A GETTY OIL; EASTERN GASOLINE RETAILERS, INC., T/A GETTY OIL; AND DONALD GRAY, DEFENDANTS-APPELLANTS, AND LIVINGSTON INDUSTRIES, INC., BERNARDI BROS., INC., SOUTHERN PRIDE, INC., CAZA EQUIPMENT OF NEW JERSEY, INC., AND OKUN INDUSTRIES, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1985.
Decided July 1, 1985.
*463 Before Judges MATTHEWS, FURMAN and HAVEY.
Thomas F. Heaney argued the cause for appellants (Carton, Nary, Witt & Arvantis, attorneys; David R. Leahy on the brief).
Richard B. Ansell argued the cause for cross-appellant (Anschelewitz, Barr, Ansell & Bonello, attorneys).
Richard E. Snyder argued the cause for respondent Livingston Industries, Inc. (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys).
Mauro C. Casci argued the cause for respondents Bernardi Bros., Inc. and Southern Pride, Inc. (Methfessel & Werbel, attorneys; Anthony P. Pasquarelli of counsel and on the brief).
*464 Donald D. Davidson argued the cause for respondent Okun Industries, Inc. (Hoagland, Longo, Oropollo & Moran, attorneys).
No appearance was made on behalf of respondent Caza Equipment of New Jersey, Inc.
The opinion of the court was delivered by FURMAN, J.A.D.
In an initial trial which ended in a jury disagreement, the trial court granted dismissals on motion at the close of the proofs in favor of all defendants except Getty Refining & Marketing Co. and Eastern Gasoline Retailers, Inc. both trading as Getty Oil (Getty) and Donald Gray individually. The trial court also barred as a matter of law the defense of comparative or contributory negligence and plaintiff's claim for punitive damages. In a retrial against Getty and Gray for compensatory damages only, with the defense of comparative or contributory negligence barred, the jury returned a verdict of $450,000 in compensatory damages against Getty and Gray.
Getty and Gray appeal raising two issues: that the trial court erred in dismissing all claims and cross-claims against their co-defendants and in striking the defense of comparative or contributory negligence. Plaintiff cross-appeals from the dismissal of his punitive damage count.
Plaintiff's action against Getty and Gray sounded in negligence for not having a rubber deflector cup at the tip of a wand attachment provided for use by customers in Getty's coin-operated self-service car wash. The wand was attached to a hose and emitted water under pressure. Because the wand would not emit water under pressure without the rubber cup, Gray, the car wash manager, made an adapter to fit the nozzle into in order to continue operations while awaiting delivery of a replacement wand with rubber cup. In attempting to wash his car at Getty's car wash, plaintiff suffered a serious eye injury. The wand flew up suddenly with what he described as a surge *465 of "tremendous power" when he turned on the rinse cycle. Its bare metal tip, lacking the rubber cup as a safety device, penetrated the cornea of his left eye.
We agree with the trial court that there was insufficient evidence from which a jury might have determined that negligence by plaintiff was a substantial factor in the causation of his accident and injury. According to the evidence in the light most favorable to Getty and Gray, see Dolson v. Anastasia, 55 N.J. 2, 5 (1969), he violated no instructions; he held the wand by its handle and set the rinse cycle on the rotary control with his other hand; he had no forewarning that the wand would fly up with an uncontrollable surge of power, striking his eye.
We also agree with the trial court's dismissal of plaintiff's punitive damage count. In the light most favorable to plaintiff, he offered no proof to support a verdict of malicious or wantonly reckless wrongdoing by Getty or Gray, in willful disregard of plaintiff's rights, see Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 49 (1984).
We are constrained to reverse the trial court's dismissals in favor of all defendants other than Getty and Gray and to remand for further proceedings. Plaintiff's theory of liability against the other defendants was strict product liability. According to a safety engineering expert on behalf of plaintiff, a trigger device for wands was the "state of the art of the industry" prior to 1981, the year of plaintiff's accident. By releasing pressure on the trigger, all flow of water within the wand would stop. The trigger mechanism was developed because of the recognized hazard of "flying wands." In the expert's opinion, the accident to plaintiff would not have occurred if the wand which he used had had a trigger mechanism "to absorb the surge of water pressure and prevent the flight of the wand."
Defendant Bernardi Bros., Inc. (Bernardi) and its corporate owner, defendant Southern Pride, Inc. (Southern Pride), were *466 charged with strict product liability as manufacturer of the triggerless wand which plaintiff used, and defendant Caza Equipment of New Jersey, Inc. (Caza) as its distributor. Those three defendants should have been held in the first trial for a jury determination of their liability in manufacturing or distributing a wand not reasonably fit, suitable and safe for its intended and anticipated use, see Soler v. Castmaster, Div. of H.P.M. Corp., 98 N.J. 137 (1984).
In addition, an issue of liability for failure to provide an adequate warning was present in the proofs against defendants Bernardi, Southern Pride and Caza and against the two remaining defendants Livingston Industries, Inc. (Livingston) and Okun Industries, Inc. (Okun), as well. Livingston was charged with strict product liability as the manufacturer and Okun as the installer of the car washing equipment originally installed at Getty's car wash, including a triggerless wand attachment for each of the two bays.
According to plaintiff's expert, there should have been within recognized safety standards a warning sign posted in Getty's car wash to warn customers "that the wands are dangerous and that they have this pressure and they can kick up." Failure to provide an adequate warning is actionable within strict product liability if the warning would have enabled the user of the product to make it reasonably safe in ordinary use or otherwise to protect himself, Michalko v. Cooke Color & Chem. Corp., 91 N.J. 386 (1982); Beshada v. Johns-Manville Products Corp., 90 N.J. 191 (1982); Freund v. Cellofilm Properties, Inc., 87 N.J. 229 (1981); Martinez v. Atlas Bolt & Screw Co., 636 P.2d 1287 (Colo. App. 1981); see also Torsiello v. Whitehall Laboratories, 165 N.J. Super. 311 (App.Div. 1979), certif. den. 81 N.J. 50 (1979). Under that principle a jury might have resolved from the proofs adduced in the first trial that any or all of the defendants were subject to strict tort liability for failure to provide an adequate warning to plaintiff of the hazards of the triggerless wand.
*467 Upon a remand the jury would determine the issue of proximate causation, that is, whether breach of a duty enforceable within strict product liability against any defendant constituted a substantial factor in the causation of plaintiff's accident. Although comparative or contributory negligence is barred as a defense, as we have held, the subjective understanding and experience of plaintiff would be relevant on the issue whether lack of an adequate warning to him was in fact a proximate cause of his accident and injury, see Campos v. Firestone Tire & Rubber Co., 98 N.J. 198 (1984).
We deal finally with the issue of damages. The jury assessed the full damages to which plaintiff is entitled in returning its verdict of $450,000. The quantum of damages is not challenged on appeal. We recognize that, under the proofs, liability of Getty and Gray was not causally related to the wand's kicking up and striking plaintiff; rather, their negligence contributed to the severity of plaintiff's consequent eye injury. As the treating ophthalmologist testified, if a rubber deflector device had been on the tip of the wand when it struck his eye plaintiff would have suffered "a nasty shiner, maybe some contusional injury to the globe." Instead, the bare metal tip penetrated the cornea of his eye.
Subsequent to trial, the Supreme Court opinions in Soler, supra and Brown v. United States Stove Co., 98 N.J. 155, 169 (1984), were handed down, establishing that "[t]he concept of a defect-free and properly-designed product extends to one that is suitably safe after it has been ... foreseeably altered." Upon a verdict of liability for manufacture or distribution of a wand subject to foreseeable alteration rendering it unsafe, joint and several liability would be imposed against all defendants so liable for the total damage award of $450,000.
On the evidence in the record we do not apply the foregoing principle of Soler and Brown. Unlike Brown, no one testified at trial that the alteration of the wand attachment by defendant Gray, Getty's station manager, was foreseeable. As manufactured *468 and distributed, the wand was inoperable without the rubber cup as a safety device. It became operable only through the resourcefulness of defendant Gray in himself "making" an adapter to replace the rubber cup. No jury question of objective foreseeability of that alteration was raised in the proofs.
If upon our remand, one or more of the co-defendants other than Getty and Gray are found to have been liable in strict product liability, it would be palpably unjust to impose upon such defendant or defendants joint and several liability for the total damage award of $450,000. Plaintiff's own treating ophthalmologist testified to what the injury would have been, a much lesser injury than that sustained, if the rubber deflector device had been in place on the tip of the wand, as it would have been except for the intervening negligence of Getty and Gray.
Accordingly, we direct the following resolution of the issue of damages on remand, in the event of an adverse verdict on the issue of liability against one or more of the co-defendants other than Getty and Gray, see Tramutola v. Bortone, 63 N.J. 9 (1973). The jury should determine the amount of damages to which plaintiff is entitled for the injury which he would have sustained if the rubber deflector device had been in place. Liability for that damage award would be apportioned among all defendants, including Getty and Gray, against whom the issue of liability had been resolved adversely. Getty and Gray would remain liable for the difference between $450,000, the total damage award, and the amount of the second damage award.
We reverse the dismissal in favor of the defendants other than Getty and Gray. We remand for further proceedings not in conflict herewith, limited to a resolution of their strict product liability, if any, excluding any claim based upon foreseeability of alteration, and to a resolution of the damages, if *469 any, proximately resulting from such strict product liability. We do not retain jurisdiction.